## JAMES TAGUE v. STATE. *

No. A-2729.  Opinion Filed September 24, 1918.

(174 Pac. 1106.)

**CRIMINAL LAW—Incriminatory Evidence—Claim of Privilege.** Before any person can secure immunity under section 27 of the Bill of Rights of our Constitution, on account of incriminatory evidence given by him before any court of competent jurisdiction, such witness must have claimed his privilege of silence, and be denied that privilege by the court, and forced to testify over his objections, and must also in good faith disclose all the facts pertaining to the matter inquired about truthfully.

*Appeal from County Court, Noble County;*
*A. Duff Tillery, Judge.*

James Tague was convicted of violating the liquor law, and appeals. Affirmed.

*H. A. Johnson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, James Tague, was convicted at the February, 1916, term of the county court of Noble county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

At the trial of this case the state introduced proof by two or three witnesses which disclosed the fact that they had gone to James Tague's place of business and gave him money with which to purchase whisky; that he told them he did not have any, but knew where he could secure it; that they should return about 1 o'clock, and, he would get the whisky while he was gone to lunch. They went

away, and returned about 1 o'clock, and the whisky was produced and delivered to them. Some of it they drank at the time and place and with the said Tague. It subsequently developed that these two men were employed by some local association to secure evidence against persons engaged in the liquor traffic. It also appears that at about the same time, or shortly thereafter, an inquisition was held by the county judge and county attorney, and the plaintiff in error brought before them and examined concerning his knowledge of the violation of the liquor law in Noble county. His counsel sought to have him exonerated from prosecution on the ground that the particular circumstances, with the transaction out of which this charge grew, were gone into by the county judge and the county attorney. No denial was made by the plaintiff in error that he had committed the acts complained of. No testimony was offered to exonerate him. He stood solely upon the proposition that, having been examined by the county judge and county attorney as an inquisitorial body, he could not be prosecuted; it being his contention that he had disclosed facts fully and without reservation to that tribunal. No showing is made that he sought to be protected by a claim of immunity, or that answers he was about to make to questions would tend to incriminate him. In fact, nothing was done to bring him within the provision of the law as announced in *Scribner v. State,* 9 Okla. Cr. 465, 132 Pac. 933, Ann. Cas. 1915B, 381. In that opinion it is said:

"Before any person can secure immunity under section 27 of the Bill of Rights of our Constitution on account of incriminatory evidence, given by him as a witness before a grand jury, or in any court, such witness must have testified under an agreement made with the prosecuting attorney, approved by the court, or such witness must have

claimed the privilege of silence, which was by the court denied, and such witness must have been compelled by the court to so testify. * * *"

Under the doctrine laid down in that case, the plaintiff in error in the case under consideration is not entitled to relief at the hands of this court. He did not come within the rule there laid down. If he had desired immunity, or to refrain from disclosing incriminating facts, he should have claimed his right, and should have protected it to the extent of being forced by a judicial requirement to answer, as pointed out in the Scribner Case, *supra.* Having failed to do so, he is not entitled to prevail in his contention before the trial court in this cause.

No error appearing from the record, and the facts being sufficient to disclose a violation of the prohibitory liquor law under doctrine laid down in the case of *Buchanan v. State,* 4 Okla. Cr. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83, it follows that the judgment should be affirmed; and it is so ordered.

DOYLE, P. J., and MATSON, J., concur.