## TOM RUDOLPH v. STATE.

No. A-5266. Opinion Filed Nov. 16, 1925.
(240 Pac. 761.)

E. J. Giddings, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction of murder and sentence of imprisonment at hard labor in the penitentiary for life, rendered upon plea of guilty, entered by appellant, Tom Rudolph, upon his arraignment on an information charging him and others with the crime of murder.

The information filed in the district court of Oklahoma county, January 18, 1924, charged that Frank Brumley, Eustace Knight, Herman Fox Davis, and appellant, Tom Rudolph, did, in said county, on the 9th day of November,

1923, kill and murder Paul J. McCarthy by shooting him with a pistol, then and there held in the hands of the defendant Frank Brumley.

The several assignments of error present but two questions: First, whether the court erred in denying appellant's motion for leave to withdraw his plea of guilty and plead not guilty; second, whether the court erred in overruling his motion for a new trial.

It appears that the defendant Frank Brumley upon his separate trial was convicted, and in accordance with the verdict of the jury was sentenced to imprisonment at hard labor in the penitentiary for life; that the defendant Herman Fox Davis on his separate trial was convicted, and in accordance with the verdict of the jury was sentenced to imprisonment at hard labor in the penitentiary for life, from the judgment an appeal was taken to this court, and by its decision was affirmed (Davis v. State, 31 Okla. Cr. 109, 237 P. 471); that the defendant Eustice Knight pleaded guilty, and was by the court sentenced to imprisonment at hard labor in the penitentiary for life.

Our Code of Criminal Procedure provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Section 2621, C. S. 1921.

It has been uniformly held by this court that if a defendant in a criminal case enters a plea of guilty, it is within the discretion of the court whether it will allow the plea to be withdrawn and a plea of not guilty substituted.

The record shows: That upon arraignment the defendant was represented by counsel, and after the reading of the information the following proceedings were had:

"The Court: Mr. Rudolph, do you desire to enter a plea to this charge at this time?

"Defendant Rudolph: Yes, sir.

"The Court: What is that plea, Mr. Rudolph?

"Defendant Rudolph: Guilty.

"The Court: You understand, do you, that if you enter a plea of guilty that it will be necessary for the court to either sentence you to life imprisonment or to the electric chair?

"Defendant Rudolph: Yes, sir.

"The Court: And understanding that you desire to enter a plea of guilty, do you?

"Defendant Rudolph: Yes, sir.

"The Court: You do this of your own free and voluntary act, freely and voluntarily, enter this plea of guilty? You haven't been coerced or induced by promises from any one, any of the officers or any one else, to enter this plea of guilty?

"Defendant Rudolph: No, sir.

"The Court: All right; let pleas of guilty be entered on the part of Mr. Knight and Mr. Rudolph."

That this plea was entered January 19, 1924.

It appears that at the time defendant Rudolph was arraigned the county attorney handed to the court two separate statements previously made by the said defendant Rudolph; that the court examined and read the same before judgment and sentence was passed upon the defendant on February 9, 1924, which statements are confessions, purporting to show all the facts and circumstances in connection with the homicide.

It appears that on February 9th the following proceedings were had:

"The Court: Are you ready for sentence Mr. Smith?

"Mr. Gomer Smith: Yes, sir.

"The Court: You have entered a plea of guilty to the charge of murder here several days ago and sentence was

deferred. Are you each ready now to be sentenced? Are you ready, Mr. Rudolph, for the sentence to be imposed?

"Defendant Rudolph: Yes, sir.

"By the Court: I might say that a few minutes ago the telephone rang, and I answered the phone, and some lady answered, saying she was Mr. Giddings' stenographer, and she said Mr. Giddings had filed an application to have the plea heretofore entered withdrawn. Is that true? What are the facts about it?"

Whereupon Mr. Gomer Smith, counsel for the defendant, stated in substance that, having learned that E. J. Giddings was claiming to represent these defendants, he went to the county jail, and they informed him that they had not employed E. J. Giddings to represent them; that he did not represent them; that they still wanted him to represent them; that he was their counsel, and he would like to have the court inquire of these defendants what their desire is or what authority E. J. Giddings has to present the application for withdrawal of the plea.

"The Court: As I understand, the provisions of the law is to do justice and not to take advantage of the court, and I want you young men to understand that no advantage is going to be taken in this court. If you desire to, you have the privilege of withdrawing your plea and going to trial before a jury; if you do not desire to do that and desire your plea to stand as it is, why then, in the degree of punishment, the court will follow the recommendation of the county attorney. The county attorney has never agreed to a recommendation or told me what to do along that line. With that statement, Mr. Knight, is it your desire that your plea of guilty heretofore entered stand as your plea?

"By Defendant Eustace Knight: Yes, sir.

"The Court: And Mr. Rudolph, is it your desire that your plea heretofore entered of guilty to the charge, stand as your plea?

"By Defendant Tom Rudolph: Yes, sir.

"The Court: Well, then; is it the desire of you, Mr. Knight, to withdraw your plea?

"Defendant Knight: No, sir.

"The Court: Is it yours, Mr. Rudolph?

"Defendant Rudolph: No, sir.

"The Court: Then, does Mr. Smith, who appears in court with you—is he your attorney and the attorney of you men, both of you?

"Defendant Knight: Yes, sir.

"Defendant Rudolph: Yes, sir.

"The Court: And does Mr. Giddings represent you or has he represented you, or, either of you?

"Defendant Eustace Knight: No, sir.

"Defendant Tom Rudolph: No, sir.

"The Court: I suppose, then, that the proper course to pursue, then, would be, before sentence is passed, would be possibly for the young men themselves to withdraw that application.

"Mr. Smith: I don't think that sentence could be imposed with the record showing that the application is not withdrawn.

"Mr. Smith: Well; let the record show, in open court, that I, as counsel, appearing for them, withdraw the motion to set aside and to withdraw the motion heretofore filed to withdraw their plea of guilty, and enter a plea of not guilty, and that we desire to proceed, at this time, with the record showing that motion withdrawn. Is that satisfactory, Mr. Knight?

"Defendant Eustace Knight: Yes, sir.

"Mr. Smith: Is that satisfactory, Mr. Rudolph?

"Defendant Tom Rudolph: Yes, sir.

"Mr. Smith: That's what you want to do?

"Defendant Eustace Knight: Yes, sir.

"Defendant Tom Rudolph: Yes, sir.

"The Court: All right; let the record so show. Now Mr. County Attorney, do you have a recommendation you desire to make?

"Mr. Wright: If the Court please: We feel that under all the conditions of this case and the statements made by these young men that we would be warranted in recommending that the court sentence to a life term of imprisonment.

"The Court: After hearing the evidence in the case we have been trying all week, Mr. County Attorney, I am very strongly inclined to make some remarks, possibly, that I oughtn't to make and to put into the record here, but in view of the fact that the case is not closed, and with the possibility that any statement that I might make, through the columns of the papers or otherwise, might get to the jury now deliberating, I am going to refrain from doing it.

"The Court: Mr. Rudolph have you anything to say now why the sentence of the court should not be pronounced against you?

"Defendant Tom Rudolph: No, sir.

"By the Court: Mr. Rudolph; it is the judgment and sentence of this court on your plea of guilty that you be taken from the bar of this court to the county jail, and from there to the state penitentiary at McAlester, where you will be required to serve at hard labor for the period of your natural life."

Thus it appears that the utmost care was taken by the court to apprise this defendant of his legal rights and of the peril of his plea. Upon his answers, nothing further remained for the court but to pronounce the judgment and sentence.

It appears that the grounds of the motion for a new trial are the same as those advanced in the motion to withdraw the plea, with the additional ground that the state, in using the said defendant, Tom Rudolph, as a witness on the trial of his codefendant, Frank Brumley, thus com-

pelling him to give evidence tending to incriminate him, thereby granted him immunity as a constitutional right under section 27, art. 2, of the state Constitution.

The question of immunity is not presented by the record on this appeal, in that there is nothing in the record before us tending to show that appellant was not a voluntary witness for the state on the trial of his codefendant, Brumley. That he was a competent witness for the state, either before or after conviction, against the others, there can be no doubt. Dumas v. State, 19 Okla. Cr. 413, 201 P. 820. "Before any person can secure immunity under section 27" art. 2 of the Constitution, "on account of incriminatory evidence, given by him as a witness" for the state, "such witness must have testified under an agreement made with the prosecuting attorney, approved by the court, or such witness must have claimed the privilege of silence, which was by the court denied, and such witness must have been compelled by the court to so testify." Scribner v. State, 9 Okla. Cr. 465, 132 P. 933, Ann. Cas. 1915B, 381; Tague v. State, 15 Okla. Cr. 55, 174 P. 1106; McConnell v. State, 18 Okla. Cr. 688, 197 P. 521.

It is also contended for appellant that upon the facts as stated by him in his written confessions, which were submitted to the court, he is not guilty of the offense charged. His confession shows that he was present when his three codefendants planned the robbery. Then Davis and Brumley got in on the back seat of Knight's car, and he sat with Knight in the front seat. That it was then about 11 o'clock, and they drove to the Broadway Circle Pharmacy. Then he, with Brumley and Davis, got out of the car, and they went into the drugstore, and Davis talked to some one over the telephone. That when they came out Davis said, "Drive to Twenty-First and Robinson" and Brumley said, "Yes; Paul will meet us." That they got back into the car and drove on out to Twenty-First and

Robinson, and, leaving Brumley and Davis at Twenty-First and Robinson, Knight drove the car back to town. That Brumley had a 45 gun, and after leaving the drugstore he heard him say that he would sit in the back seat of McCarthy's car and Davis in the front seat, and they would pull the gun on him and take him out on Twenty-Third street and rob him, put him out, and drive his car back to town.

It is a rule of the law that where the accused has entered into a conspiracy with others to commit a felony, or other crime, under such circumstances as will, when tested by experience, probably result in the unlawful taking of human life, he must be presumed to have understood the consequences which might reasonably be expected to follow the carrying into effect the purpose of the unlawful combination, and also to have assented to the doing of whatever would reasonably or probably be necessary to accomplish the object of the conspiracy, even to the taking of life. If the unlawful act agreed to be done is dangerous or homicidal in its character, or if its accomplishment will necessarily or probably require the use of force and violence which may result in the taking of life unlawfully, every party to such agreement will be held criminally liable for whatever any of his coconspirators may do in furtherance of the common design whether he is present or not.

Under this view of the law and the facts as stated in the defendant's confession, he is guilty of murder.

The other questions argued are not presented by the record.

A careful examination of the whole record leads to the conclusion that the motion for a new trial was properly overruled.

274

The judgment appealed from herein is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.