Calvin Floyd BRIDGES, and Susan
Merlene Bridges, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–82–313.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1982.

Frank L. Thompson, Tulsa, for appellants.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Calvin Floyd Bridges, and Susan Merlene Bridges, hereinafter referred to as defendants, were jointly tried and convicted of a violation of 63 O.S.1981, § 2–402, After Former Conviction of a Felony, in the District Court of Tulsa County, Case No. CRF–80–1134. The prior convictions for each of the two defendants had been for Unlawful Possession of Controlled Drug With Intent to Distribute for which each defendant had received a sentence of four years' imprisonment.

The facts adduced at trial can be summarized as follows. Pursuant to a search warrant, officers of the Tulsa police department entered the defendants' home. The defendants' thirteen-year-old daughter was in the front room. There was an odor of marijuana in the northeast bedroom where officers discovered defendant Susan Bridges and a thirteen-year-old boy, who was not a resident of the house. Defendant Calvin Bridges was also found in the house. A search of the house revealed a gray metal cash box beneath a chair which was just to the left of the front door. The box contained five baggies of marijuana, four Desoxyn tablets and a postage scale. The defendants' juvenile son testified on behalf of the defendants that the drugs found in the gray metal box were his.

■ In their first assignment of error defendants argue that the trial court erred when it refused to direct a verdict for them based on *Miller v. State,* 579 P.2d 200 (Okl. Cr.1978), which provides in pertinent part as follows:

When marihuana is found on a defendant or in a place to which he has exclusive access, then knowledge, dominion and control may be fairly inferred from these circumstances alone. However, when marihuana is found not on any person but on premises to which several persons have access, possession cannot be inferred simply from the fact that a person was on the premises when the marihuana was discovered. *Brown v. State* [Okl.Cr., 481 P.2d 475 (1971)], supra. Rather, there must be other facts shown from which it can be fairly inferred that the defendant had dominion and control over the seized substance. Proof of these other facts may take the form of direct or circumstantial evidence. When circumstantial evidence is used to link a particular suspect to the seized drug, the facts shown must exclude every reasonable hypothesis except that of guilt. Circumstantial proof amounting only to a strong suspicion or to a mere probability is insufficient. *Hishaw v. State,* Okl.Cr., 568 P.2d 643 (1977); *Staples v. State,* Okl.Cr., 528 P.2d 1131 (1974).

In the instant case, however, it is the opinion of this court that there was sufficient evidence from which possession could have reasonably been inferred by the jury. The drugs were found in a place which was clearly the defendants' residence. Although in this case the defendants were only charged with possession of the Desoxyn the presence of the odor of marijuana in the house was indicative of the defendants' awareness of illicit drugs in the house. Accordingly, we find defendants' first assignment of error to be without merit.

■ Defendants, in their second assignment of error, assert that the trial court erred when it admitted into evidence the scales and the marijuana which defendants claim were evidence of other crimes. The marijuana and the scales were both found in the same gray metal box as the Desoxyn. The proximity of the Desoxyn to the marijuana and the scale was a relevant fact for the jury's consideration. The circumstances attendant to the discovery of the Desoxyn were probative of the crucial element of intent. See, *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). The fact that the Desoxyn was found with the marijuana, another illicit drug, and a scale capable of weighing the marijuana, shows that the illegal drugs were on the defendants' premises by reason of design and not through happenstance. Through admission of the complained of evidence it could be inferred that there was intent to maintain illegal drugs on the defendants' premises. Furthermore, the evidence was clearly admissible as part of the res gestae. See, *Davis v. State*, 560 P.2d 1051 (Okl.Cr.1977). Accordingly, we find defendants' second assignment of error to be without merit.

Defendants, in their third assignment of error, assert that the trial court erred in allowing admission of testimony concerning the condition of the house at the time of the search. The record reveals that the prosecutor attempted to ask a police officer what he would "term the health conditions of [the] residence." The court in response to defense counsel's objection admonished the prosecutor that such a question would be beyond the scope of redirect examination.

However, the prosecutor persisted in his line of questioning and elicited the following response:

> Found that either the plumbing was inadequate or what had been shut off as there was evidence of bowel movements being taken in the toilet without benefit of being flushed, simply papers laid over it and other bowel movements taken on top of the papers.

Counsel for the defense again objected to the line of questioning and in addition asked for a mistrial. The trial court sustained the defendants' objection with regard to further evidence and denied the request for a mistrial.

■ The fact that the defendants' house may have been in a deplorable condition and constituted a health hazard was clearly not probative of any fact relating to their guilt or innocence of the crime with which they had been charged. Furthermore, the introduction of such evidence clearly had the potential of prejudicing the jury against the defendants. As stated in *Severs v. State*, 477 P.2d 695 (Okl.Cr.1970):

> ... it is the responsibility of the trial court and prosecuting attorney to avoid introduction of improper evidence and unfair tactics which prejudice a defendant.

Furthermore, a prosecutor as a quasi judicial officer has the duty to see that nothing but competent evidence is submitted to the jury. *Sullivan v. State*, 333 P.2d 591 (Okl. Cr.1958).

It is the opinion of this Court that incompetent evidence was admitted at trial concerning the condition of the defendants' home which prejudiced the defendants. However, we cannot say that there is a reasonable probability that the improperly admitted evidence contributed to the conviction. Therefore, the error cannot be grounds for reversal. *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980). Accordingly modification of the sentence is called for.

■ Defendants, in their fourth assignment of error, maintain that the prosecutor improperly questioned their son, a minor

concerning events occurring on a certain day in April of 1979 and concerning his criminal record. Defendants maintain that this questioning created the impression in the minds of the jury that the defendants had been in trouble before. The son in his testimony took blame for the crime by claiming that the drugs were in fact actually his. As a result the matter of the son's credibility became a pivotal issue. No doubt, foreseeing this, defense counsel initially brought up the issue of the son's prior encounters with law enforcement officers and the juvenile system. The defense, having invited inquiry into their son's prior brushes with the law, we do not find it error for the prosecutor to question the juvenile concerning the chronology of his previous record. Defendants' assertion that the prosecutor's question concerning the son's awareness of a "situation in April of 1979 with your parents" after showing the son a document of unknown nature constituted error is likewise without merit. The matter was not developed sufficiently to constitute prejudicial error. The trial court did not abuse its discretion in allowing the cross-examination. *Hickerman v. State,* 565 P.2d 684 (Okl.Cr.1977). We find defendants' fourth assignment to be without merit.

Defendants, in their final assignment of error, argue that the sentence imposed was excessive. To the extent that the sentence was the result of prejudice arising from the admission of improper evidence we agree. The sentence imposed, twenty (20) years' imprisonment, was the maximum allowed under the law for the crime committed. For the reasons stated above, we find that the sentence should be modified for each defendant from twenty (20) years' imprisonment to fifteen (15) years' imprisonment and AS MODIFIED the same is hereby AFFIRMED.

CORNISH, J., concurs.

BRETT, P.J., dissents.

BRETT, Presiding Judge, dissenting:

I respectfully dissent. I am of the opinion that *Miller v. State,* supra, is applicable to the facts of this case.