George Albert GRIFFITH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–723.

Court of Criminal Appeals of Oklahoma.

March 11, 1987.

Delbert Brock, Tulsa, L.G. Hawkins, Sapulpa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, George Albert Griffith, was charged, tried and convicted in the

District Court of Tulsa County, Case No. CRM–83–2055, for the offense of Unlawful Possession of a Controlled Drug. The jury assessed punishment at a term of three (3) months imprisonment in the county jail and assessed a fine in the amount of Five-Hundred ($500.00) Dollars. We affirm.

On September 9, 1985, a search warrant was executed at the appellant's residence. A babysitter answered the door to the residence. The police announced the purpose of their visit. The officers were thereafter permitted to enter and conduct a search of the residence. Pursuant to the search, two vials of a liquid substance were recovered from a bedroom. A paper bag, containing two "baggies" of alleged marijuana, was also recovered. An electric bill for the residence, which contained the appellant's name, was next obtained. Approximately thirty minutes after the search was initiated, the appellant drove into the driveway. He was thereafter arrested. At trial, the liquid substance contained in the vials was identified as phenobarbital, a schedule IV controlled drug.

### I.

In his first assignment of error, the appellant contends that the trial court erred by not allowing him to attack the search warrant affidavit. The appellant asserts that the affiant used false and misrepresentative statements in order to establish probable cause. This Court has held "[w]here an affidavit to procure a search warrant is in positive terms one will not be permitted to go behind the affidavit and show the officers did not have knowledge of the charges alleged in the affidavit." *Brown v. State*, 565 P.2d 697, 701 (Okl.Cr. 1977), citing *Gaddis v. State*, 447 P.2d 42, 45 (Okl.Cr.1968). More recently, the Supreme Court has permitted evidentiary hearings which attack the validity of a facially proper search warrant affidavit. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 677 (1978). Thereafter, this Court stated that "the defense must establish by a preponderance of the evi-

dence its allegations of the affiant's perjury or reckless disregard of the truth in procuring a warrant." *Lee v. State*, 661 P.2d 1345, 1352 (Okl.Cr.1983). Moreover, "[i]mpeachment is allowed only where the challenged statements were those of the affiant...." *Id.* at 1353. *See also Franks v. Delaware*, 438 U.S. at 156, 171, 98 S.Ct. at 2676, 2684.

Probable cause for the affidavit in the instant case was supplied by a "controlled drug buy." Thus, the affidavit states on its face that the affiant searched a confidential informant. He thereafter provided the informant with cash to procure contraband. He witnessed the informant's entrance into the residence named on the affidavit. The informant left the residence in the affiant's presence. The affiant thereafter searched the informant a second time and found controlled substances on his person.

The appellant alleges that a conspiracy existed between the affiant and the informant. He further asserted at trial that the informant had "planted" the contraband in the appellant's residence. The appellant now asserts that the trial court erred by not permitting the appellant to attack the warrant. We disagree. We first note that the trial court did not prohibit the appellant from questioning the informant. Second, an informant's acts are insufficient as impeachment evidence for a facially valid search warrant affidavit. *Franks v. Delaware, supra,* and *Lee v. State, supra.* Third, the appellant did not elicit any testimony from the informant in an attempt to disclose the alleged conspiracy, nor did he subpoena the affiant to elicit his testimony at trial. Therefore, the appellant failed to establish, by a preponderance of the evidence, that the affidavit was not supported with sufficient facts to establish probable cause. Accordingly, this assignment of error is without merit.

### II.

In his second assignment of error, the appellant contends that his arrest was

illegal since there was no arrest warrant and he did not commit a misdemeanor which was observed by the police. We disagree. In Oklahoma, it is well settled that a misdemeanant may be arrested by a warrant, 22 O.S.1981, § 192, or when a public offense is committed or attempted in a peace officer's presence. 22 O.S.1981, § 196. The facts in the instant case fall clearly within the latter provision. The police officers were executing a lawful search warrant and discovered contraband substances within the appellant's residence. When the appellant arrived at the residence, he was arrested for possession of a controlled substance. This Court has held that "possession" does not require actual physical custody. It is sufficient that the accused "had knowledge of its presence and the power and intent to control its disposition or use." *Staples v. State*, 528 P.2d 1131, 1133 (Okl.Cr.1974). Furthermore, "the fact that possession is not exclusive, is not a bar to a conviction." *Tharps v. State*, 555 P.2d 1054, 1058 (Okl. Cr.1976). Thus, the appellant's arrest was lawful by his possession of a controlled substance, which was committed within the officers' presence. This assignment of error is without merit.

### III.

In his third assignment of error, the appellant claims that his demurrer should have been sustained since the State did not establish ownership. We disagree. The appellant in the instant case was in constructive possession of the controlled substance. *Staples v. State, supra.* Moreover, this Court has held that illegal possession may be established by circumstantial evidence. *Tharpes v. State, supra.* Furthermore, "where there is any competent evidence which constitutes a chain of circumstances which reasonably support the allegations in the indictment the trial court should not sustain a demurrer to the evidence." *Id.* at 1058. Accordingly, this assignment of error is also without merit.

### IV.

In his fourth assignment of error, the appellant contends that the phenobarbital should have been excluded from evidence since there was a break in the chain of custody. This assignment is patently frivolous. By a review of the record, we find that no such break in the chain of custody existed. This assignment of error is wholly without merit.

### V.

In his fifth assignment of error, the appellant claims he was denied a fair trial since a defense witness was not granted immunity from prosecution. We disagree. This Court has stated:

> Before any person can secure immunity ... on account of incriminatory evidence given by him before any court of competent jurisdiction, such witness must have claimed his privilege of silence, and be denied that privilege by the court, and forced to testify over his objections, and must also in good faith disclose all the facts pertaining in the matter inquired about truthfully.

*Perry v. State*, 84 Okl.Cr 211, 181 P.2d 280, 289 (1947), citing *Tague v. State*, 15 Okl.Cr. 55, 174 P. 1106 (1918).

More recently, this Court has provided a procedure for citing a witness with contempt of court for refusing to answer a question or questions. In this procedure, the trial court has the authority to grant immunity on a question-by-question basis. "[T]he judge may grant the witness' claim of privilege, thereby granting the witness immunity from any prosecution *premised on the question answered.*" *Nuckols v. Van Wagner*, 511 P.2d 1110, 1113 (Okl.Cr. 1973) (emphasis added).

In the instant case, the appellant did not call the witness to the stand to testify. The witness did not claim his privilege of silence, nor was he forced to testify. Moreover, the witness could have been granted immunity for his answers to distinct incriminatory questions. By failing to follow the correct procedures, the appellant has waived this assignment of error. Accordingly, this assignment of error is without merit.

### VI.

In his last assignment of error, the appellant claims that the trail judge made nu-

merous errors allowing the jury to hear prejudicial material. We note that the appellant has cited five allegations of error within this one assignment. We will address these assertions individually.

#### A.

■ The appellant first claims the trial judge allowed the admission of other crimes evidence. Specifically, the appellant contends that the testimony of Officers Whiteshirt, Seibert and Hallum was prejudicial since they testified to finding marijuana in the appellant's residence. We disagree. This Court has held tha such testimony mentioning marijuana, which was found in the residence during a search, was admissible since it was part of the res gestae. *Davis v. State,* 560 P.2d 1051 (Okl. Cr.1977); *Bridges v. State,* 654 P.2d 1067 (Okl.Cr.1982). Accordingly, this assertion is without merit.

#### B.

In his second assertion under proposition VI, the appellant contends that the Officers' testimony concerning the marijuana was intended as an "evidentiary harpoon." Since we held above that such testimony was admissible, this assertion is without merit.

#### C.

In his three remaining assertions, the appellant has failed to cite authority to support his contentions. Therefore, these allegations of error are waived. *See Fry v. State,* 529 P.2d 521 (Okl.Cr.1974). We would further note that the Honorable Judge McAllister did an exemplary job in this case and that all allegations of judicial misconduct are unfounded.

Finding no merit to the appellant's assignments of error, the judgement and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.