**Riley Lee MARTIN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–247.**

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1991.

Johnnie O'Neal, Public Defender's Office, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant Riley Lee Martin was tried before the District Court of Tulsa County in a non-jury trial, Case No. CF–88–2282, for Possession of a Controlled Drug with Intent to Distribute (Count I) in violation of 63 O.S.Supp.1986, § 2–401(B), Maintaining a Dwelling Where Controlled Drugs are Kept (Count II) in violation of 63 O.S.1981, § 2–404(A)(6), Possession of a Firearm While in the Commission of a Felony (Count III) in violation of 21 O.S.1981, § 1287, and Possession of Marijuana, Second Offense (Count IV) in violation of 63 O.S.Supp.1987, § 2–402(B–2), and in Case No. CM–88–825, Unlawful Possession of Paraphernalia in violation of 63 O.S.1981, § 2–405(B). Appellant was found guilty of all offenses charged and sentenced to five (5) years imprisonment on each count in Case No. CF–88–2282 and one (1) year imprisonment in Case No. CM–88–0825, said sentences, to be served concurrently. From this judgment and sentence, the Appellant appeals. We affirm.

On June 3, 1988, a search warrant was executed at the Appellant's apartment. Officers of the Tulsa Police Department knocked on the front door several times, but received no answer. Kicking in the door, officers found Appellant sitting on a waterbed. Appellant was the sole occupant. Within arms' reach of Appellant was a loaded shotgun. Appellant was placed under arrest and his apartment searched. Discovered near the bed was a considerable amount of drug paraphernalia, including syringes and several vials of pills, later determined to be Schedule IV drugs, scales, mirror, sifter, razor blades and bag-

gies of a green leafy substance, later analyzed to be marijuana. Inside a plastic box were found numerous baggies containing white powder, later analyzed to be cocaine.

The affidavit supporting the search warrant stated that the affiant, Officer Larsen, had been contacted by a confidential informant within the last seventy-two (72) hours, who indicated that the Appellant was engaged in the sale of a controlled dangerous substance from his apartment. Officer Larsen searched the informant, making sure he possessed no money or controlled substances. The officer then gave him money to make a controlled buy. The officer observed the informant enter and exit the Appellant's apartment. A subsequent search of the informant yielded a quantity of cocaine. The informant told the officer that he had seen additional quantities of cocaine in the apartment and was told he could purchase the drug anytime.

Appellant testified in his own behalf at trial and stated that he was the sole occupant of the apartment named in the affidavit and search warrant. He testified that he was in Wynne, Arkansas from May 27, 1988, until June 3, 1988, returning home at approximately 10:00 a.m. Appellant said that he and the apartment manager had the only keys to the apartment, that the apartment was locked when he left and that he did not give anyone permission to stay at his apartment while he was out of town.

In his sole assignment of error, Appellant contends the trial court erred in refusing to allow him to attack the validity of the search warrant affidavit by asking Officer Larsen particular questions about the controlled drug buy. Appellant argues that the affidavit was based on false and misrepresentative statements, and that his inability to question Officer Larsen about the date and time of the controlled buy denied him due process.

■ There is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks v. Delaware*, 438 U.S. 154, 172, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). Where an affidavit to procure a search warrant is in positive terms one will not be permitted to go be-

hind the affidavit and show the officer did not have knowledge of the charges alleged in the affidavit. *Griffith v. State*, 734 P.2d 1301, 1302 (Okl.Cr.1987), quoting *Brown v. State*, 565 P.2d 697, 701 (Okl.Cr.1977). In order to prevail on this type of claim, the defendant must establish by a preponderance of the evidence his allegations of the affiant's perjury or reckless disregard of the truth in procuring a warrant. *Lee v. State*, 661 P.2d 1345, 1352 (Okl.Cr.1983).

Both Appellant and the State refer this Court to *Griffith v. State*, 734 P.2d 1301 (Okl.Cr.1987). However, we find it supports only the State's arguments. In *Griffith*, a search warrant was executed at the defendant's residence. A baby-sitter answered the door and permitted police officers to enter and conduct a search of the residence. Officers discovered quantities of a controlled dangerous substance. Approximately thirty (30) minutes after the search was initiated, the defendant drove into the driveway and was thereafter arrested.

In denying the defendant's challenge to the validity of the affidavit, we found that probable cause for the affidavit was supplied by a controlled drug buy (conducted in much the same manner as the one in the instant case), which was set forth in the affidavit. Appellant was able to cross-examine the informant but neither subpoenaed nor presented the testimony of the affiant. We held that the defendant had failed to establish that the affidavit was not supported with sufficient facts to establish probable cause.

■ In the present case, an evidentiary hearing was held upon Appellant's allegations. Appellant was able to question Officer Larsen, the affiant, as to the circumstances surrounding the serving of the warrant and the time that the warrant was signed and issued. Appellant was prohibited only from asking the officer questions which would reveal the identity of the confidential informant. The court found the affidavit and the warrant to be facially valid and would not permit the Appellant to inquire beyond the face of the affidavit.

We find that the trial court acted properly as Appellant failed to show that Officer

Larsen's statements were perjured or made with a reckless disregard for the truth, or that the officer knowingly used false information to secure the search warrant. The record reveals that the officer put forth information which he had appropriately accepted as being true. Further, this Court has held that the acts of an informant are insufficient as impeachment evidence for a facially valid search warrant affidavit. *Griffith v. State,* 734 P.2d at 1302. "Impeachment is allowed only where the challenged statements were those of the affiant...." *Lee v. State,* 661 P.2d at 1353.

As Appellant has failed to establish by a preponderance of the evidence his allegations of the affiant's perjury or reckless disregard for the truth, he was properly prohibited from attacking the basis for the search warrant. Accordingly, this assignment of error is denied.

For the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

LANE, P.J., and BRETT, PARKS and JOHNSON, JJ., concur.