# REUELL RICHARDSON v. STATE.

No. A-9235.   April 23, 1937.
(67 Pac. [2d] 804.)

Edwin T. Watkins and Howard M. Redwine, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was by information filed in the district court of Le Flore county charged with the crime of robbery with firearms; was tried, convicted, and sentenced to serve a term of 25 years in the state

penitentiary, and by case-made with petition in error attached, has appealed to this court.

The testimony on behalf of the state shows that on or about the 10th day of February, 1936, Rayford Rich was in the city of Wilburton, in Latimer county, Okla., and started to his car preparatory to leaving the city; when Rich started to get in his car the defendant approached him and climbed in the car, and when the car started put a gun in Rich's side and asked him about driving to certain places; they drove for some time and the defendant directed the owner of the car to turn on the road running from Poteau to Talihina, and had him drive to a little country town named Summerfield, where he had the prosecuting witness stop and put gasoline in the car; he then had him turn the car and drive back toward the town of Wister, in Le Flore county.

The defendant had the prosecuting witness Rich turn off on a byroad and after he had driven a mile or two made him get out, and the defendant took the car and drove away. Rich walked to Wister and by phone reported to the county officers what had taken place. The officers began to search and that evening on the road between Poteau and Wister the defendant drove up to where two officers were and they recognized the car and took the defendant into custody.

During the time the defendant and prosecuting witness were in the car the defendant talked on various subjects; one was he wanted to rob a bank and wanted the prosecuting witness to join him in the robbery, which he declined to do.

The evidence is conclusive that the defendant took the car from the prosecuting witness Rich because Rich was afraid to do anything after the defendant placed the

gun in his side and then put it in his pocket, where the proof shows he was keeping his hand most of the time he was driving with the prosecuting witness. Some testimony was introduced with reference to some time prior to the time of the charge of robbery against the defendant in this case; he hired a man by the name of Crews to drive him to Calhoun, in Le Flore county, and instead of stopping or going to Calhoun he had Crews drive out into the mountain range, where something went wrong with the car and they abandoned it, and he and Crews started to walk across the mountain to the highway leading from Wilburton to Wister, and the defendant finally left Crews and went on his way, and Crews found his way to the main highway and reported to the officers at Poteau.

The defendant in his testimony admits getting in the car with the prosecuting witness Rich, and admits having the gun, but attempts to say that after talking with the owner of the car on the subject of robbing the bank Rich refused to take any part in it, but did agree to let him use his car, which is positively denied by the prosecuting witness Rich. When the defendant was arrested he was in possession of the car belonging to Rich.

The foregoing is briefly the substance of the testimony as shown by the record.

The defendant has assigned and argues five errors alleged to have been committed by the trial court. The first assignment presented by the defendant is that the plaintiff in error was forced to trial over his objection without the aid and benefit of counsel and was thereby prevented from having a fair and impartial trial. The record shows that on April 29, 1936, in the cases of the State v. Reuell Richardson, Nos. 2935-2936, the defend-

ant was present and Foster Windham, member of the local bar, was appointed to represent the defendant in two cases; that on May 18, 1936, State v. Reuell Richardson, No. 2935, the defendant appeared and requested and stated he preferred to present this defense rather than trust it to an attorney, and Foster Windham's request to withdraw was granted.

On June 2, 1936, the record shows that after the court convened, the court stated to the defendant as follows:

"Court: I called you to find out whether you was still of the opinion when I talked with you with reference to an attorney? Defendant: Yes, sir. Court: You still want to represent yourself? Defendant: I need the aid of an attorney but I want to represent myself. Court: Now if you want an attorney who will represent you, you have the right for the court to appoint one. If the court appointed you an attorney he would try your case for you. The court advises you to have an attorney but this court is not going to appoint one if you desire to represent yourself. Defendant: Well, under those circumstances just let it go. Court: You have made up your mind to that effect? Defendant: Yes, sir. Court: Let the record show that the court offers to appoint an attorney for the defendant but the defendant declines, stating he prefers to try the case himself."

As disclosed by the record, the defendant preferred to defend himself, and there is no merit in the contention of the defendant that the court deprived him of his constitutional right by not appointing an attorney. It is true that under the Constitution of Oklahoma the defendant is entitled to have counsel appointed by the court, provided he is unable to pay for the same. Section 2929, O. S. 1931 (22 Okla. St. Ann. § 464), reads as follows:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his

right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him."

The record shows that the court had appointed counsel for the defendant when he came into court and advised the court that he did not want counsel, and counsel was then permitted to withdraw from the case. As disclosed by the record, the court did not deny the defendant counsel, or refuse to appoint counsel for him, and the defendant in open court refused to permit counsel appointed to try his case. There is an old adage, which has a great deal of truth in it, "That when a defendant elects to try his case and not accept the aid of counsel, he has a fool for a client." The defendant was accorded every right under the Constitution of the state, as the court appointed him counsel, and after he refused to accept counsel in open court, and stated he preferred to try his own case, he cannot be heard to complain that the court had denied him a constitutional or statutory right.

The attorneys representing the defendant in this court have faithfully and honestly worked for the rights of the defendant, and the brief filed shows they had given considerable thought to the defendant's case, and devoted a great deal of time in the preparation of the brief. It is unfortunate for the defendant that he did not have the counsel that represents him in this court represent him in the trial court, yet there is no law compelling a person charged with crime to accept counsel, as they have the right under the law to be heard personally and by counsel, but the court cannot compel a person charged to accept services of counsel, over his objections.

It is further argued by the defendant that the district court of Le Flore county was without jurisdiction to

try the defendant, for the reason that the venue was in Latimer county, as the defendant first got in the car and pointed his pistol at Rayford Rich in Latimer county, Okla. Section 2730, O. S. 1931 (22 Okla. St. Ann. § 124), is as follows:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

The testimony shows that at the time the defendant got in the car of the prosecuting witness Rich, after he had his gun on him he put the gun in his pocket and kept his hand in the pocket where the gun was most of the time, and after he reached Le Flore county he continued to keep his hand in his pocket where the gun was until he dispossessed the prosecuting witness of the car and drove away with it. It is perfectly clear that the venue was properly laid in Le Flore county.

The court has carefully considered the record in this case, and the argument of counsel for the defendant, and have examined the authorities cited, but we fail to find in the record any error sufficient to warrant a reversal of the case.

It is not deemed necessary to discuss separately the different assignments, for the reason, as stated herein, they are without sufficient merit to warrant a reversal. The defendant was accorded a fair and impartial trial. The court correctly stated the law applicable to the facts. Finding no errors in the record, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.