In re CLYDE BURGIN.

No. A-9971.  March 25, 1942.

(124 P. 2d 274.)

Clarence Tankersley, of Shawnee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.  Petitioner, Clyde Burgin, has filed in this court an application for writ of habeas corpus, having heretofore filed his application for a writ in the district court of Pittsburg county where the same was denied.

It is alleged that the petitioner is now confined in the Oklahoma State Penitentiary at McAlester, having

been committed from Lincoln county, on the 5th day of March, 1932, after entering a plea of guilty to two charges of murder.

In his petition he alleges that he was arrested and placed in jail in Lincoln county on December 31, 1931, and that on the 2d day of January, 1932, two complaints charging him with murder were filed in the county court of Lincoln county, and that he was bound over to the district court. He further alleges that he was unable to employ counsel, but that an attorney, naming him, came to the jail and informed him he had been employed by relatives to defend him. This was on the 5th day of January, 1932. He then alleges his refusal to accept the services of the attorney and that certain statements were made to him if he would plead guilty that he would see that he did not get over four years in the penitentiary, and that after the expiration of six months he would be able to get him a pardon. He further alleged that the sheriff and county attorney of Lincoln county made many efforts on numerous occasions to get him to plead guilty, and that he would not agree to plead guilty. That finally, on the 5th day of March, 1932, he was taken before the district judge, and that the attorney who had visited the jail to see him was present and entered a plea of guilty for him. That at no time was the county attorney or assistant county attorney present. That the information was not read to him, nor was he advised of the charge against him, but that his plea of guilty was entered and he was given a life sentence by the court. He attaches certain certified copies of the record of the court clerk's office of Lincoln county to his petition, to which reference will hereafter be made. He further alleges that he was about 26 years of age at the time he was sentenced, was ignorant and unfamiliar with court procedure and did not know he had received a life sen-

tence in two cases until he had been confined in the penitentiary for two years, when he applied to the warden for certain privileges and was then informed of the sentence which had been rendered against him.

A response has been filed by the Attorney General on behalf of the warden of the penitentiary. This response is as follows:

"Comes now the State of Oklahoma and shows, in response to the petition filed herein, the following state of facts with reference thereto:

"That, as shown by State's 'Exhibit A' which is a letter from the County Attorney, Honorable Frank McVey, of Lincoln County, setting forth the minutes in the two cases, to-wit: Case No. 2277 and No. 2276, that the petitioner herein and the defendant therein was charged in the two cases on January 12th, 1932, with murder in each case. That the complaint was filed in the County Court on January 12th and information was filed on January 15th. That on the 23rd of January the defendant was present in open court and the County Attorney present and that the defendant waived reading of the information and entered a plea of not guilty. Thereafter, on March 5th, 1932, the defendant was present in open court in his own person and by his attorney, E. A. Foster, and asked leave to withdraw his former plea of not guilty and enter a plea of guilty. That on the same day and date he did enter a plea of guilty and the judgment of the Court was entered and said judgment and sentence of the Court was that the defendant be confined in the State Penitentiary for a period of his natural life. That thereafter, on March 7th, 1932, the judgment and sentence was filed and entered with the Warden's receipt thereto attached. This record is applicable to both cases, that is, Case No. 2277 and Case No. 2276, in the District Court of Lincoln County. That this is in conformity with certified copies of the information, the Clerk's minutes and the judgment and sentence, hereto attached, marked 'Exhibit B' and made a part hereof.

"Wherefore, your respondent alleges and states that, putting it mildly, there are slight discrepancies between the record and the allegations of the petitioner as shown, by a comparison of the petition and record herein.

"Wherefore, premises considered, it is respectfully submitted that said petition should be denied.

"Respectfully submitted,

"Mac Q. Williamson, Attorney General,

"Jess L. Pullen, Assistant Attorney General."

In addition to the petition and response and the exhibits, oral testimony was taken by this court in the hearing to show cause including the evidence of the petitioner, who was present in person for the hearing. From the response and the exhibits it will be noted that the charge against defendant was filed on January 12, 1932, and the information was not filed until January 15, 1932. That on the 23rd day of January, 1932, he was arraigned and waived a reading of the information and entered a plea of not guilty, and that on March 5, 1932, he was present in open court and was represented by his attorney and asked permission to withdraw his plea of not guilty and be permitted to file a plea of guilty. This permission was granted and he was by the court sentenced to serve a life term in the penitentiary for murder in two cases. He was then delivered to the warden of the penitentiary on the 7th day of March, 1932, as shown by the record.

It will thus be seen that the record does not bear out the statement of the petitioner's petition. It has often been held by this and other courts that defendant has the right to waive certain of his constitutional rights, and among those that he may waive is the right to waive a jury, and enter a plea of guilty, and if this has been done in a proper manner, the judgment and sentence in

conformity to said plea will not be set aside by this court, either by appeal or by writ of habeas corpus.

We have recently had occasion to discuss this question in the following cases: Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; In re Opinion of the Judges, 70 Okla. Cr. 83, 104 P. 2d 726; Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205. These cases may be read for a full and complete discussion of the question of the right of a defendant to enter a plea of guilty. Many authorities from this and other states are cited and it is unnecessary to here repeat them.

It is also unnecessary to refer to the evidence taken in the hearing in this case. It reveals a state of facts which fully justified the penalty given defendant in this case. There is nothing in the record which would justify this court in assuming jurisdiction for the purpose of granting the relief prayed for. It is therefore ordered that the petition for writ of habeas corpus be denied.

JONES and DOYLE, JJ., concur.