Ex parte GILBERT WADE.

No. A-10556.   April 3, 1946.

(167 P. 2d 920.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the Warden, respondent.

BAREFOOT, J. Petitioner, Gilbert Wade, has filed his petition for writ of habeas corpus alleging that he is unlawfully restrained of his liberty by Hon. R. B. Conner, Warden of the State Penitentiary, at McAlester. Attached to his petition is a certified copy of the information, a copy of the appearance docket of Greer county, and a copy of the judgment and sentence; all of which reveal that petitioner was charged with the crime of murder in Greer county, and was by the court sentenced to serve a term of life imprisonment in the State Penitentiary and which he is now serving.

A response to the petition has been filed by the Attorney General on behalf of the warden. Attached to

the response is an affidavit of Jack Sasseen who was county attorney of Greer county at the time petitioner entered his plea of guilty, the affidavit of Herschal K. Ross who was court clerk and present at the time the plea of guilty was entered, also a copy of a written statement made by the defendant after the date of the murder charge; together with the prison record of defendant, which reveals that petitioner is serving his fourth term in the penitentiary, and photostatic copy of the judgment and sentence.

Petitioner, in reply to the response of the warden, has filed an affidavit, contradicting the affidavits attached to the response.

The general rule of this court as often announced is that where a prisoner is in custody under sentence of conviction and seeks his discharge on habeas corpus the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and if the court had jurisdiction to render the particular judgment. However, it has been held that where one was denied his constitutional rights, and by reason thereof the judgment and sentence of the court was therefore void, relief could be had by habeas corpus.

Here petitioner entered a plea of guilty. No attempt was made to appeal from the judgment and sentence. The record does not disclose that the court appointed an attorney to defend him. The statute does not require that an attorney be appointed, but that the court shall inform him of his right to the aid of counsel and to appoint one if he so desires. This is as far as the statute goes. 22 O.S. 1941, § 464 provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him. * * *"

From our experience upon the bench, and after the examination of many records, it is our judgment that the administration of justice would be best subserved in this state by the passing of a law which requires the appointment of counsel for a defendant, at least when charged with a capital offense, prior to permitting a plea of guilty to be entered, and that testimony should be taken by the court prior to entering judgment and sentence. This, however, is only our opinion, and this matter is for the consideration of the Legislature as in their judgment is deemed wise. It is for us to only construe and interpret the law as it is written. We have often held that one has the right to enter a plea of guilty. Bean v. State, 27 Okla. Cr. 228, 226 P. 115; Brown v. State, 40 Okla. Cr. 1, 266 P. 491; Kennedy v. State, 66 Okla. Cr. 318, 92 P. 2d 384.

The record in this case reveals that the petitioner entered his plea of guilty. The affidavit of the county attorney states that petitioner, both at the preliminary hearing before the justice of the peace and at the hearing before the district judge, was asked if he had an attorney, and was advised of his right to counsel, and of his right to have additional time to plead, and that he answered that he did not. The affidavit of Herschal K. Ross, the court clerk of Greer county, who was present at the time petitioner entered a plea of guilty in the district court, was attached to the response and it corroborates the statement made by the county attorney. Also

attached to the response is a statement of the defendant made prior to his being arraigned and entering his plea. In this statement he gave the full details of the killing of the deceased by himself.

Petitioner presented his own affidavit in which he stated that he did not know the contents of the statement which he signed, and which was attached to the response, and that it was prepared and presented to him, and signed by him, after he had been told by the deputy warden that he would be electrocuted if he did not sign the same and enter a plea of guilty. He also stated in his affidavit that he had been confined in the State Reformatory at Granite and had not been permitted to consult or communicate with his relatives or friends, though request had been made to do so.

The record reveals that the crime was committed on April 1, 1941; that the preliminary examination was on May 21, 1941, and his plea of guilty was entered on May 27, 1941, and judgment and sentence entered on that date.

From the record as a whole, it can not be said that it justifies this court in granting the relief prayed for. The burden of proof is upon petitioner to sustain the allegations of his petition. Under the law and the decisions heretofore cited, we are of the opinion that this burden has not been met.

For the reasons stated, the petition for habeas corpus is denied.

JONES, P. J., concurs. DOYLE, J., not participating.