## TOOISGAH v. STATE.

No. A-11629. March 11, 1953.

(255 P. 2d 281.)

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, Philip Tooisgah, defendant below, was charged by information in the county court of Caddo county, Oklahoma, with the offense of having "knowingly, wilfully, unlawfully and maliciously utter loud, obscene and threatening language and insulting words in the presence and hearing of

Alice Miller, which language and words were calculated to cause the offense of disturbance of the peace, on a farm located one mile west of Apache, ½ mile south and ¼ east thereof, Caddo County, Oklahoma, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Oklahoma". To the charge alleged in the information the defendant was arraigned, waived a jury, aid of counsel and entered his plea of guilty. Whereupon the trial court fixed his punishment at 30 days in the county jail and a $50 fine and entered judgment and sentence accordingly, from which this appeal has been perfected.

The defendant complains first, that there was a fatal variance in the information as shown by the proof offered upon his motion for new trial; second, that he was not represented by counsel, and was not advised of his constitutional rights before entering his plea of guilty and, third, he urges that he was induced to enter said plea upon the advice of a deputy sheriff, who advised him to the effect that if he would plead guilty he would be penalized only a small fine. It appears from the record that after judgment and sentence was entered on May 25, 1951, that on May 28, 1951, a motion for new trial was filed herein. The Attorney General contends said motion was too late and out of time. Under the provisions of Title 22, § 953, O.S.A. 1941, and 1951, an application for new trial must be made before judgment is entered but a court or judge thereof "may for good cause shown allow such application to be made at any time within thirty days after the entry of the judgment." We can only presume that good cause was shown herein as provided by statute since the trial court, as reflected in the minutes, issued its order on June 11, 1951 setting the said motion for new trial for hearing on June 19, 1951. On said last date the motion was heard by the trial court and overruled with exceptions and notice of this appeal was given.

The first contention was that there was a fatal variance in the information and proof offered on the motion for new trial. This contention was predicated upon an attempt on the part of the defendant to show at the hearing on the motion for new trial that the offense did not occur on a farm located one mile west, a half mile south and one-fourth east of Apache in Caddo county, Oklahoma, but if it did occur the offense was on land given to the defendant upon which he had built his home. The defendant admitted in his testimony that his place of residence was at the point as described in the information, one mile west, half a mile south and one-fourth east of Apache, Oklahoma, in Caddo county. The fact that the same might have occurred at his residence instead of on the farm is of no consequence since the place of occurrence was admittedly accurately described in point of distance of Apache and was located in Caddo county, Oklahoma. Ostendorf v. State, 8 Okla. Cr. 360, 367, 128 P. 143, 146, wherein it was said:

"The only defect which we find in this information is that it states with unnecessary particularity the place where the offense is alleged to have been committed. This was altogether unnecessary, and is surplusage. Who would say that an information which alleged that the defendant stole a horse tied to a certain post in a certain street, and if the testimony upon the trial shows that as a matter of fact the horse was not taken from this particular post, that the allegations with reference to the post and street were necessary, and therefore not surplusage? Such a variance would be immaterial. * * *

"We cannot see how any man of ordinary understanding and intelligence can fail to know, from the allegations in the information in this case, the nature of the accusation against the appellant. This is all that our law requires. Subdivision 6, § 6704, Comp. Laws 1909 [22 O.S. 1951, § 409], is as follows: 'The indictment is sufficient if it can be understood therefrom * * that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.' "

Hatton v. State, 96 Okla. Cr. 227, 252 P. 2d 170, 171:

"Where an indictment or information contains unnecessary descriptive allegations, such averments constitute surplusage, and such descriptive averments in an information only become material when they involve the merits of the case. The common law rule with reference to descriptive averments as to immaterial matters is not a force in this state." Dunn v. State, 14 Okla. Cr. 452, 172 P. 463.

It is therefore apparent the variance complained of by the defendant herein was surplusage and immaterial. Such is the contention herein made by the defendant on this point, which is wholly without merit. A further examination of the information discloses that it charged that the defendant did on or about the 24th day of May 1951, "commit the crime of disturbing the peace in this; that Philip Tooisgah in the county and state aforesaid, did, knowingly, wilfully, unlawfully and maliciously utter loud, obscene and threatening language and insulting words in the presence and hearing of Alice Miller, which language and words were calculated to cause the offense of disturbance of the peace, on a farm located one mile west of Apache, ½ mile south, and ¼ east thereof, Caddo County, Oklahoma, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Oklahoma," as hereinbefore described. This language was in substantial conformity with the provisions of the statute, Title 21, § 1363, O.S.A. 1941 and 1951. Hence the information was sufficient to inform the defendant with what was intended to be charged against him, and was sufficient to support the plea of guilty.

The defendant's second contention is that he was not advised of his constitutional rights before entering his plea of guilty and was without the aid of counsel. The record in this connection discloses at the time of arraignment and plea of guilty, the defendant was advised by the trial court of his right to aid of counsel and the right of 24 hours within which to plead and further shows that the defendant did consult with counsel within 24 hours and thereafter did have aid of counsel and entered his plea after consultation with his attorney. The defendant's testimony on cross examination in this connection is as follows, to wit:

"Q. Before you entered that plea of guilty did Judge instruct you that you should have an attorney if you wanted it? A. Yes, sir. Q. What did you tell the Judge? A. I told him I didn't believe I needed one. Q. Did he instruct you you could take longer to plead if you wanted to than twenty-four hours? A. Yes. Q. Did you take the twenty-four hours? A. Yes, I had the lawyer look into it before the twenty-four hours was up. Q. Did you plead when you first came up for arraignment before the county judge? A. Yes. Q. What was your plea then? A. Guilty. Q. You were informed that you could have an attorney at that time? A. Yes. Q. But you didn't think you needed one? A. No."

In light of the foregoing testimony this contention is wholly without merit, since the defendant knew of his right to counsel, had counsel before pleading, and declined counsel at time of arraignment though it was tendered him. Such conduct constitutes a clear waiver. Richardson v. State, 61 Okla. Cr. 278, 67 P. 2d 804; Ex parte Wade, 82 Okla. Cr. 215, 167 P. 2d 920; Title 22, § 464. It is the duty of the trial court to advise defendant of his rights and in a proper case it is the defendant's right to waive them, and enter a plea of guilty. Ex parte Wade, supra. The right to counsel can be waived by the defendant but it cannot be denied by the court. Richardson v. State, supra. It is apparent this defendant waived his right to counsel.

The third contention of the defendant is predicated upon the proposition that he entered his plea of guilty due to the influence of a deputy sheriff who suggested that if he pleaded guilty the penalty would not be "so much". This contention is supported by purely hearsay evidence offered by the defendant to the

effect that his wife talked to a certain deputy who gave him the foregoing advice. On proper objection this evidence was excluded on the ground it was hearsay and not having been made in the presence of the defendant. No other proof appears in the record in support of this contention. It thus appears the record does not support this contention with competent proof. The Attorney General suggests that the better procedure for the defendant to have pursued herein was by motion for leave to withdraw the plea of guilty and to stand trial. Shaw v. State, 84 Okla. Cr. 63, 179 P. 2d 169. For the foregoing reasons the judgment and sentence herein is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.