Henry COOPER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13567.

Court of Criminal Appeals of Oklahoma.

June 22, 1966.

 
 

 
 

 
 
 
 
 
 

 
 
 

 
 
 

 
 
 

 
 
 
 

 
 
 
 
 

Dick Jones, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, hereinafter referred to as defendant, as he appeared in the trial court, was first charged with murder, and while being represented by competent counsel, entered a plea of guilty to the crime of manslaughter in the first degree, He was given an indeterminate sentence of not less than four, nor more than twenty years, by the district court of Okfuskee County, under Tit. 57 O.S.A. §§ 353 to 356, incl., and appeals from that sentence. In his appeal he asks that the maximum portion of his sentence be declared void.

Defendant first contends "That part of the act attempting to vest jurisdiction in the court to assess a minimum and maximum term of imprisonment, where there has not been a jury's verdict to authorize it, is unconstitutional and void as being contrary to Article V, Section 57, of the Oklahoma Constitution."

This contention is based upon the fact that the title to the Act, which reads in part: "An Act relating to criminal procedure; providing for indeterminate sentence by fixing eligibility for parole at time of sentence and providing *juries* may assess term of confinement within limits of law; * * *."

In an effort to show the alleged conflict· he quotes section 1, of the Act, which reads in part, "In all cases where a sentence of imprisonment in the penitentiary is imposed, the *court* in assessing the term of the confinement may fix a minimum and a maximum term, * * * Provided, however, that the terms of this act shall not limit or alter the right in trials in which a *jury* is used for the jury to assess the penalty of confinement * * *."

We are of the opinion that it was the intent of the Legislature in using the phrase, "AN ACT RELATING TO

CRIMINAL PROCEDURE"; that such phrase is to be used as one of "procedural law"; and that the Indeterminate Sentence Act was intended to be considered and applied in conjunction with the other pertinent statutes found in Title 22, "Criminal Procedures". Included in those is Tit. 22 O.S.A. § 927, which provides:

Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, *the court shall assess and declare the punishment and render the judgment accordingly.*" (Emphasis added.)

We believe also, that it was the intent of the Legislature, when the word "court" was used in Section 1 of the Act, that its generic meaning is to be applied, instead of a specific reference to the "judge" as the head of the tribunal.

As the federal court held in McDonald v. Swope, D.C., 79 F.Supp. 30, 35:

"There are three essentials to constitute a constitutional 'court' for a criminal trial, judge, attorneys, who are officers of the court, *and jury.*" (Emphasis added.)

The Louisiana Supreme Court held in State v. Capaci, 179 La. 462, 154 So. 419:

" * * * 'procedural law' is that which provides or regulates steps by which one who violates a criminal statute is punished, and 'criminal procedure' refers to pleading, evidence, and practice."

It has long been the law in this State that a defendant can waive his constitutional right to be tried by a jury.

"An accused can enter a plea of guilty and 'waive' his constitutional right to a jury trial." In re Burgin, 74 Okl.Cr. 150, 124 P.2d 274; Ex parte King, 42 Okl.Cr. 46, 274 P. 682; Courtney v. State, Okl.Cr., 341 P.2d 610.

When an accused knowingly waives his constitutional right to a trial by jury, and enters a plea of guilty, one of the essentials required to constitute the court is eliminated. This action, taken by the accused, precludes the necessity of following those procedures required such as instructions to the jury, as well as that provided in Tit. 22 O.S.A. § 926, which provides, "the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, * * *."

There being no role for the jury to perform, because of defendant's plea of guilty, leaves the sentence to be imposed by the court. As this Court held in Ex parte Wade, 82 Okl.Cr. 215, 167 P.2d 920:

"The effect of a plea of guilty is to authorize imposition of sentence prescribed by law just as where a defendant has been found guilty of a crime sufficiently charged in the information."

See also: Kennedy v. State, 66 Okl.Cr. 318, 92 P.2d 384.

We are further of the opinion that the specific provision, "Provided, however, that the terms of this act shall not limit or alter the right in trials in which a jury is used for the jury to assess the penalty of confinement and fix a minimum and maximum term of confinement * *" was included to assure that juries were empowered to assess the terms of the Indeterminate Sentence Act.

We are of the opinion that there is not the inconsistency between the title and the body of the act, as contended by defendant, to cause the Indeterminate Sentence Act as to be unconstitutional.

Defendant contends in his second proposition that the Act is ambiguous and indefinite to the extent that it does not meet the constitutional requirements for a penal statute. It is sufficiently stated, to show that it is applicable, "In all cases where a sentence of imprisonment in the penitentiary is imposed." The difficulty arises in its application to some crimes, for which the statutory punishment is of short

duration. However, that provision in the Act, which provides that the court *may* fix a minimum and a maximum term, is intended to provide the court with a "discretionary alternative" in sentencing individuals to terms of imprisonment. This discretionary provision is applicable in jury trials, as well as those in which the defendant knowingly enters a plea of guilty.

This discretionary provision of the Act should be applied in conjunction with the other statutes, which provide punishment for specific crimes.

As the Oklahoma Supreme Court held in the first paragraph of the syllabus of Johnson v. City of Vinita, 172 Okl. 376, 45 P.2d 1089:

"Different legislative enactments having reference to same subject and consistent with each other should be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with evident intent of the latest enactment."

As we see the general intent and purpose of this Act, it provides for the indeterminate sentence to be imposed, which sets the minimum and maximum term to be served. It also provides that the Pardon and Parole Board *must* consider the prisoner's state of rehabilitation at the time he completes the minimum term set out in his sentence; and that Board must make recommendations to the Governor. In addition thereto, that Board must cause a continuing study to be made of the prisoner during the period of his confinement. Hence, as we see the general intent of the Act, it is an effort to provide specific rehabilitation facilities for the prisoner's benefit, which are not contained in the determinate sentence law.

We are of the opinion that the wording of the Act itself is not ambiguous, but admit that when its application is improperly attempted to certain crimes, some problems are encountered. The correction for this aspect of the Act must be accom-

plished by the Legislature, and should not be attempted by the courts. The enactment of legislation is within the province of the Legislature, not the courts.

We do not accept defendant's third contention, in which he attempts to show this to be a special act, and not one of a general nature; because as defendant contends, it is not given uniform operation throughout the State. The Act is sufficiently stated to be applicable generally throughout the State. The fact that it may not be applied with equal vigor in all of the courts, of competent jurisdiction, does not cause it to become a special act. We submit that the Indeterminate Sentence Act itself meets the tests of a general law, whatever application and effect is being given to it by the courts of the State. As stated hereinbefore, it becomes a discretionary alternative available to the courts, as to whether or not it shall be applied.

As the Oklahoma Supreme Court held in Leatherock v. Lawter, 45 Okl. 715, 147 P. 324:

"Whether an act of the Legislature be a local or a general law must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates, and if *it affects equally all persons who come within its range,* it can neither be special nor local." (Emphasis added.)

See also Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355.

We therefore hold that the Indeterminate Sentence Act was properly enacted into law and is not invalid because of any defects in its title; and that it is susceptible to interpretation and construction to effect its intent; and therefore should be interpreted as a general, and not a special, law.

Judgment and sentence affirmed.

BUSSEY, P. J., and NIX, J., concur.