Burl Wayne STOTTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14262.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1967.

Appeal from the District Court of Cleveland County; Elvin J. Brown, Judge.

Burl Wayne Stotts entered a plea of guilty to the charge of grand larceny, was sentenced and appeals. Affirmed.

Sam Goodwin, Pauls Valley, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Burl Wayne Stotts was on October 3, 1966 by information filed in the district court of Cleveland County charged with the crime of grand larceny, after former conviction of felony.

The case came on for trial on November 15, 1966, at which time the defendant appeared with his attorney, who, on behalf of his client, waived the reading of the information, further time in which to plead, trial by jury, and entered his plea of guilty.

The judge of the district court, before accepting his plea of guilty, fully explained to defendant his constitutional and statutory rights, and questioned him as to his understanding of the consequences of a plea of guilty to the charge of grand larceny. After considerable discussion between the Court, the county attorney, and the defendant and his counsel, the Court said:

"Very well. Mr. Stotts, it appears to the court that you know and understand your constitutional rights, and that you are voluntarily waiving those rights. If it is still your desire that the court

do so, we will accept your plea of guilty. Do you want the court to do so?" By the defendant: "Yes, Sir."

A defendant in a criminal prosecution has a right to enter a plea of guilty, and where accused appears with counsel of his own choice, and competently and intelligently enters a plea of guilty, with full knowledge of the consequences of such plea, there is no issue to be submitted to a jury, and all the trial court is required to do is to render judgment and sentence imposing punishment prescribed by law. Ex parte Wade, 82 Okl.Cr. 215, 167 P.2d 920; Cooper v. State, Okl.Cr., 415 P.2d 1009; McCalip v. State, Okl.Cr., 430 P.2d 342, and cases cited.

In his motion for new trial, and also in the petition in error, the only ground for relief is that the judgment and sentence is excessive. With this contention we can not agree.

Title 21 O.S.A. § 1705, provides:
"Grand larceny is punishable by imprisonment in the penitentiary not exceeding five (5) years."

And Title 21 O.S.A. § 51 provides for enhanced punishment where an accused is charged with having committed a crime after former conviction of a felony, as was this defendant. Hudson v. State, Okl.Cr., 374 P.2d 923; Smith v. State, Okl.Cr., 347 P.2d 232; Vassar v. State, Okl.Cr., 328 P.2d 445, certiorari denied 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548.

The appeal was filed in this Court on April 4, 1967, and under Rule 6 of this Court, defendant had thirty days thereafter within which to file a brief. No brief has been filed, and no extension of time requested within which to file brief. Under this state of facts, it may be assumed that the appeal has been abandoned, and on July 13, 1967 the case was summarily submitted on the record.

We have read the entire record, and find no error. When no brief is filed, and there is no error apparent on the face of the record, judgment of con-

viction will be affirmed. Rules 6 and 9, 22 O.S.A. 1965 c. 18 Appendix; O'Quinn v. State, Okl.Cr., 383 P.2d 705; Walker v. State, Okl.Cr., 424 P.2d 1001.

The judgment and sentence of the district court of Cleveland County is affirmed.

NIX, P. J., and BUSSEY, J., concur.