## FAIRY NOBLIN v. STATE.

No. A-6782. Opinion Filed September 28, 1929.
(281 Pac. 165.)

Grubbs & Whipple, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, pleaded guilty in the county court of Payne county, to the charge of possession of about 100 gallons of intoxicating liquor, to wit, whisky, and was sentenced

by the court to pay a fine of $500 and be imprisoned in the county jail for 60 days. The plea of guilty of the defendant was entered on the 5th day of October, 1927, and judgment rendered thereon on the same day. On the 11th day of October, 1927, the defendant filed her motion to set aside and hold for naught the judgment rendered against her. On the 12th day of October, 1927, the defendant filed her motion for a new trial, which motion was overruled on the same day.

The transcript of the proceedings filed in this court does not contain the order of the trial court denying the application of the defendant to vacate and set aside the judgment and for leave to withdraw her plea of guilty and enter a plea of not guilty.

Defendant in her motion for a new trial sets out practically the same grounds as those set out in her application to vacate the judgment. The court apparently treated the application and motion as raising the same question and disposed of both by overruling them.

The defendant complains, first, that the court erred in overruling the motion to set aside the judgment and sentence and in not permitting plaintiff in error to withdraw her plea of guilty.

The journal entry on arraignment and plea of guilty reads as follows:

"Now on this 5 day of October, 1927, the defendant, Fairy Noblin, is brought before the bar of the court on a warrant heretofore issued on an information filed herein charging that defendant on or about the 3rd day of October, 1927, in Payne county, Oklahoma, did commit the crime of unlawful possession of whisky; thereupon the court inquires of the defendant if her true name is Fairy Noblin, to which inquiry the defendant replies in the

affirmative; thereupon the court advises the defendant of the nature of the charge filed against her, and further advises her of her right to counsel, trial and time to prepare for trial; thereupon the defendant pleads guilty to the crime charged, and the court after being fully advised in the premises,

"Orders, adjudges, and decrees, that the state of Oklahoma have and recover of and from the defendant, as fine, the sum of five hundred dollars, and the costs of this prosecution taxed in the sum of thirty-seven dollars and forty cents, and further orders that defendant be imprisoned in the county jail of Payne county, Oklahoma, for a period of sixty (60) days, and in default of the payment of the fine above assessed she be imprisoned in the county jail of Payne county in addition to said sixty days, one day of each unpaid $1.00 of such fine.

"It is further ordered that execution issue on this judgment for any unpaid costs.

"[Seal.]            L. H. Woodyard,
                     County Judge.

"Filed this 5th day of October, 1927.

"John A. Show, clerk of county court, by O. B., deputy."

The defendant having filed in this court a transcript of the proceedings certified to by the trial judge as being correct, she cannot impeach the same.

It appears from this journal entry that:

1. The court inquired if the defendant's true name was Fairy Noblin.

2. Thereupon the court advised the defendant of the nature of the charge filed against her.

3. Further advised her of her right to counsel.

4. And of her right to trial and time to prepare for trial.

It thus appearing that the defendant was fully advised by the court of all her rights before her plea of guilty was entered, she is bound by such record.

In the case of Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298, this court said:

"A motion in a misdemeanor case to withdraw a plea of guilty and to substitute therefor a plea of not guilty is addressed to the sound discretion of the court. Consequently its decision will not be disturbed, unless an abuse of discretion appears." Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116; Looper v. State, 42 Okla. Cr. 341, 276 Pac. 593.

It appears from the record that the defendant is a middle-aged woman. She was charged with the possession of 100 gallons of whisky. The record she filed in this court shows that she was fully advised as to all her rights in the matter and that she voluntarily entered her plea of guilty to this charge. Under the authorities cited, the court in his discretion could deny the application of the defendant to withdraw her plea of guilty. There is nothing in the record to indicate an abuse of this discretion. The application was therefore properly denied by the court.

The defendant next contends that the court erred in overruling her motion for a new trial. Under the authorities cited, the motion for a new trial was properly overruled.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.