## JESSIE SHIEVER v. STATE.

No. A-8650.   Feb. 27, 1934.
(30 Pac. [2d] 192.)

Ernest F. Jenkins, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county on her plea of guilty of maintaining a place where intoxicating liquors were kept for sale, and was sentenced to pay a fine of $50 and to serve 30 days in jail.

The complaint made is that the trial court abused its discretion in denying defendant's application to withdraw plea of guilty and to enter a plea of not guilty.   Defendant was arraigned June 24th, at which time the court advised her of her right to have counsel and of her right to 24 hours to plead.   Defendant said in substance she was guilty and might as well plead guilty.   The court passed the imposing sentence until July 3d; on that date he extended the time until September 5th.   On August 9th defendant filed an application to withdraw plea of guilty; on September 5th hearing on application was passed until September 15th, at which time a hearing

was had and the application overruled. Defendant was then sentenced to the minimum punishment.

In her application to withdraw plea of guilty, defendant does not state she is not guilty, but states in substance she entered her plea by reason of ignorance and inexperience and because the jailer informed her it would be the best way out of the matter, and that her failure to have an attorney was due to negligence of other parties. In support of the application to withdraw plea defendant testified, in substance, that when arraigned the information was read to her and the court asked if she wanted to consult with an attorney and told her she had a right to 24 hours to plead; that there was some conversation between her and the judge as to when she would have to begin serving sentence, and that she then said, "I'm guilty and might as well plead guilty"; that no one told her they would turn her to the federal authorities, but that she understood such from the conversation. The court made a finding or statement, in substance, that at the time defendant was arraigned the information was read; that he informed her of her right to counsel, the right to time for plea, and of time to prepare for trial; that defendant said, "Well, there is no use of that, I'm guilty, I might as well plead guilty"; that he declined to accept her statement as a plea and informed her the plea must be "guilty" or "not guilty"; that the matter of punishment was discussed, and he further informed her the minimum punishment was a fine of $50 and 30 days in jail; that defendant stated her reason for not being prepared to serve sentence at that time, and he agreed that it be passed until the future date.

It is settled by numerous decisions of this court that the granting or denying permission to withdraw plea of guilty and substitute plea of not guilty is a matter within

the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears. Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298; McAtee v. State, 39 Okla. Cr. 10, 262 Pac. 703; Rudolph v. State, 32 Okla. Cr. 265, 240 Pac. 761; Noblin v. State, 44 Okla. Cr. 389, 281 Pac. 165; Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053. Upon an examination of the entire record, we are convinced that the trial court under the circumstances shown did not err in denying defendant's application to withdraw her plea of guilty and to enter a plea of not guilty.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.