## CRICKENBERGER v. STATE.

No A-11111.   March 1, 1950.

(215 P. 2d 582.)

Clint Braden, Wilburton, and M. O. Counts, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   The defendant, Carl Crickenberger, was charged in the district court of Latimer county on July 10, 1947, with the larceny of domestic animals, to wit: four head of cattle, duly described in the information.   It was alleged that the cattle were owned by one Roy Tripp, and were stolen on May 9, 1947.

The case was called for trial on February 4, 1948. Defendant was represented by two attorneys, one of whom had represented him in his preliminary hearing.   After the state had offered the testimony of six witnesses, counsel for defendant requested a recess, and after consultation with the defendant, his father and others, announced that at that time they wished to withdraw defendant's plea of not guilty, and enter a plea of guilty.   This was permitted, the jury discharged, and sentence day was set for March 3, 1948.   On that date defendant appeared with his father and attorneys, one of whom made an impassioned plea for the defendant, and closed by stating that the defendant did not want to be sentenced on a plea of guilty.   The court recessed until after noon, at which time defendant moved the court for permission to withdraw his plea of guilty and enter a plea of not guilty, and asked the court to consider the statement made at the morning session as a part of his motion.

The record would indicate that there was another similar case pending in the district court of Latimer county against this defendant, and it was the contention of the county attorney that he had agreed to dismiss that case, and to recommend a sentence of five years in the case on trial, if the defendant did enter a plea of guilty and pay Mr. Tripp for his calves.   The defendant denied any such agreement, but the other case pending against defendant was dismissed in open court the day the plea of guilty was entered.

The court refused to permit the defendant to withdraw his plea of guilty, and sentenced him to five years in the State Penitentiary. Petition in error with case-made attached was duly filed in this court.

But two assignments are made in the petition in error:

"1. Error of the trial court in refusing to allow the defendant, Carl Crickenberger, to withdraw his plea of guilty and enter a plea of not guilty in lieu thereof, and to permit the defendant to have a jury trial, to which action of the court the plaintiff in error then and there excepted.

"II. Error of the trial court in overruling the motion of the defendant, Carl Crickenberger, to withdraw his plea of guilty and enter a plea of not guilty to which action of the court the plaintiff in error then and there excepted."

The evidence of the state stands uncontradicted, and in considering defendant's appeal, we deem a short statement of the evidence in order.

LeRoy Tripp testified that he owned twelve head of cattle, on open range, in Latimer county. He missed some of them, made a diligent search and finally heard the bell on one of his cows from the direction of the defendant's place, found some tracks which he followed to the home of defendant, and there found two of his cows, but the four yearlings running with them were not there. Defendant offered to purchase the cows, but witness told him they were mortgaged and not for sale, and took them home, thinking their calves would come to them. He looked for the yearlings for twelve days, but did not find them. All of his cattle were branded, and defendant knew his brand. The jersey heifer described in the information was later found at Cordell, Okla. It was

in a truck at the courthouse on the day of the trial, and was identified by the witness as his animal.

Lloyd Wilson Haley, who lived near Amber, in Grady county, testified that he had known the defendant for several years, had hauled cattle for him, sold hay to him, bought fence posts from him, and had other business dealings with defendant. That one F. H. Freeman, a divinity student at Shawnee, had some lands leased near the witness's home; that witness sold hay for Freeman to the defendant and hauled the hay, with some hay of his own, to the defendant; that defendant owed each of them about $200 for the hay and hauling. About May 1, 1947, witness went to Shawnee and he and Freeman drove to defendant's home for the purpose of trying to collect for the hay and hauling. They were there about two hours, and defendant told them he had some cattle, and if they would return in about a week, he would have the cattle rounded up, and they could take and sell them, and apply the proceeds on the amount due them. Witness returned to Latimer county on May 8, but Freeman did not go. Witness took a neighbor boy, Harold Ingram, along for the ride and company. They got to defendant's home about dark, and defendant told them he did not have the cattle up, but knew where they were, and if they would stay over, they could gather them the next day. Witness stayed, and he and Ingram with the defendant and another man rode all the next day looking for cattle, and returned to defendant's home about dark with nine head of cattle. They ate supper, and about 10 or 10:30 loaded seven head, two cows and five yearlings, and started home, with directions from defendant to sell the cattle and apply the proceeds on the hay debt. On the way home, witness stopped at the farm of Floyd Yell in Grady county, and sold the seven head of cattle

to him for $310. Three weeks later, about May 27, 1947, the defendant went to the home of witness and informed witness that he wanted to purchase the cattle back; that they were mortgaged and the bank officials would be at defendant's home in three days to check them. Witness went with defendant to see Mr. Yell, who agreed to sell the cattle back to defendant, but wanted a profit on the deal. They did not reach an agreement on the price of the cattle, but defendant told witness to bring the cattle back to Latimer county, that he had his automobile sold when he got home, and would pay witness for the cattle with the proceeds. Defendant was in a hurry (it was then about 9 p. m.) and left. Witness and Mr. Yell talked the matter over, and were afraid they would not get their money after hauling the cattle back to Latimer county, and the next night the witness and Mr. Yell hauled the cattle to Oklahoma City and they were sold at the stockyards the following morning. Witness identified the heifer in the truck as one of the animals brought from defendant's home in Latimer county, sold to Mr. Yell and later sold in Oklahoma City.

J. H. Freeman corroborated Haley in every particular as to the hay, the amount due them, the trip to Latimer county, and defendant's statement about the cattle.

Floyd Yell also corroborated Haley in every detail so far as his connection with the deal was concerned.

Harold Ingram, age 20, further corroborated Haley, and testified to going with defendant and the others to look for the cattle, helping to load them, and haulng them to Grady county.

Carl Cofelt, age 17, was working for the defendant at the time, and helped to load the cattle. On cross-examination this witness was asked if he did not sign a

statement in the county attorney's office in which he stated that the defendant told him those were stolen cattle, and for him "to keep his mouth shut." Witness admitted this. Defendant's attorney then asked him if he did not come to his office later on, with the defendant, and tell the attorney that the county attorney had told him if he did not sign the statement they would send him to the penitentiary. Witness also admitted this, and testified that the defendant told him to make this statement to his attorney, that he was working for defendant, and was afraid not to do as he said. The evidence of defendant's guilt was overwhelming, without consideration of the testimony of this witness.

At the close of this testimony the defendant, as hereinbefore stated, asked for a recess, and later asked leave of the court to withdraw the plea of not guilty, and enter a plea of guilty, which he was permitted to do.

We shall consider defendant's assignments of error together.

While the Constitution of this state, Art. II § 20, gives to every person accused of crime the right to trial by jury, it also contains a provision that this right may be waived, Art. VII § 20. Certainly this right was accorded the accused in this case, and when he withdrew his plea of not guilty and entered a plea of guilty after the selection of the jury and a number of witnesses for the state had testified, he effectively waived his right to have his case determined by a jury, and cannot now claim that he was denied any right which he had under the Constitution or statutes of this state. He had the benefit of able counsel, well skilled in criminal practice and procedure, at every step of the proceedings, and had the advice of his father. After accepting his plea of guilty

and discharging the jury on February 4, 1948, the court fixed the day of sentence for March 3, 1948; and after counsel's plea on behalf of his client, the court took the matter under consideration for several hours. There was no undue haste, and it would appear that no action was taken in the case without due deliberation.

The general rule followed by this court is that the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court, and that its action must be upheld unless an abuse of such discretion clearly appears. Wilson v. State, 82 Okla. Cr. 272, 168 P. 2d 898; Shiever v. State, 55 Okla. Cr. 342, 30 P. 2d 192; McAtee v. State, 39 Okla. Cr. 10, 262 P. 703.

From the testimony appearng in the record, and defendant's plea of guilty, the court was justified in taking the position that to grant permission to withdraw his plea of guilty would merely postpone defendant's day of reckoning, and this same procedure could be repeated and final determination of the case delayed indefinitely. We agree with Judge Doyle where he said in Hart v. State, 29 Okla. Cr. 414, 233 P. 1095, 1096:

"A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawing it on the day set for pronouncing judgment."

A careful study of the entire record convinces us that the facts in the within case call for the application of the rule announced in the above case; and that the trial court did not abuse his judicial discretion in refusing to allow defendant to withdraw his plea of guilty and to enter a plea of not guilty, under the circumstances here shown.

The judgment and sentence of the district court of Latimer county is affirmed.

JONES, P. J., and BRETT, J., concur.