Dallas WEBBER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13192.

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1962.

W. J. Otjen, Jr., Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Dallas Webber was charged by Information in the District Court of Garfield County with the crime of Larceny of an Automobile, a jury was waived and defendant was tried before the Judge of District Court. He found defendant guilty and sentenced him to 3 years in Oklahoma State Penitentiary.

Defendant lodged his appeal in this Court in the time prescribed by law, asserting three assignments of error, two of which are worthy of discussion:

"1. That there was insufficient evidence to establish the Corpus Delecti to admit the confession.

"2. That the evidence totally failed to establish the crime of Larceny."

The evidence reveals in substance the following set of facts:

Craig Nelson testified he was the owner of a 1960 Ford Station Wagon. On the night of September 27 he drove the station wagon to a church dinner at 10th and Willow at the Union Equity Co-op Bldg. in the City of Enid. He parked his car, left the key in it, and attended the dinner until 9 or 9:15. When he came out, his car was missing and he located it 7 days later in Wichita, Kansas, where it had been wrecked and abandoned.

Sheriff Hart testified on the 18th day of October, Mr. McNeff being defendant's Parole Officer and after he advised the defendant of his rights, defendant proceeded to make a statement. The Sheriff reduced to writing as follows:

"Steve now remembers that on September 27, Steve Ward, Bob Burris and Kenneth Buffalohead met at Jones Cafe—he said that on September 27, Steve Ward, Bob Burris, Kenneth Buffalohead and he met at Jones Cafe, and (then I inserted the Description of the station wagon here, 60 Ford Station Wagon, Owner Craig Nelson, 1714 W. Okla., Tag #Okla. 5 2880, Serial Number 664–144–256, and then he went on) We stole the 60 Ford Station Wagon at Union Equity on September 27. Steve stole the car while we three waited at the Honeybucket. Steve picked us up and we all four headed for Wichita. Steve drove all the way to Wichita. We walked around town. Got in around 11:30."

The statement was signed by Sheriff Hart, H. A. McNeff, and the defendant.

Defendant contends the evidence was insufficient to establish the Corpus Delicti

independent of the confession and it was therefore inadmissable.

We cannot agree with the contentions of the defendant. Craig Nelson testified his car was taken from where it was parked at the Equity Building at approximately 9:15 on September 27. The removal was without his permission. He reported it to the Police shortly thereafter. He did not see his car until a week later. It was found in Wichita, Kansas at Venisons Ford Garage having repair work done. The car was wrecked in Wichita and abandoned.

Defendant contends this does not prove that the defendant took the auto "with intent to deprive the owner thereof permanently" therefore the Corpus Delicti was not established independent of the confession.

Whether or not defendant intended to deprive the owner of his car permanently must be determined by the circumstances in each and every case. No one could truthfully say what defendant's intentions were except by the facts. It would be absurd to expect the defendant to readily admit his intention to deprive the owner of his car permanently. From the facts in the instant case, we must assume that the defendant's intentions were to permanently deprive the owner of his car. Defendant and his companions drove the car into another state, without owner's consent or permission, wrecked the car and abandoned it. They never called the owner or told him where the car was. Seven days later defendant found his car in the State of Kansas where it was wrecked and abandoned. Not once was he contacted by the boys who took the car. This Court held in the case of Tillman v. State, 82 Okl.Cr. 276, 169 P.2d 223:

"In prosecution for stealing an automobile, where only issue raised by defendant was that he and his associates did not intend to steal the automobile, but that they intended to return it to the owner, it became competent for state to trace all actions of defendant and his associates during their asportation of the stolen property for purpose of showing whether their actions were such as to indicate a purpose to permanently deprive owner of automobile."

The testimony of McNeff was sufficient to create presumption that defendant intended to permanently deprive the owner of his property. This becomes a question for the trial judge.

It was said in the Case of Eakin v. State, 97 Okl.Cr. 190, page 194, 260 P.2d 730, page 734:

"Where a jury is waived and the judge sits as the trier of the facts and there is evidence reasonably tending to support his finding we are without authority of law to vacate or set aside those findings on appeal, for under such conditions, the finding of fact is within the sole and exclusive province of the trial judge to make. Of course if there is no evidence reasonably tending to support his findings, the converse of the rule would be true and we would reverse the trial judge."

The Court is of the opinion that the Corpus Delicti was sufficiently proven to admit the extrajudicial statement of the defendant.

Defendant next complains that the confession was inadmissable because it was prepared by the Sheriff with his own words and did not constitute a fair representive admission of defendant. This contention is wholly without merit. The defendant and his parole advisor came to the Sheriff's Office. His mother said he wanted to give himself up. The Sheriff advised him of his constitutional right in the following manner:

"Q. Well not before taking any statement from either of the parties, did you inform them of their legal rights?

"A. I did.

"Q. Would you tell the Court exactly what you told them?

"A. I told him that he didn't have to tell me anything, that it could be used

against him, and everything he told me would have to be of his own free will.

"Q. Did you, in any way, make any promise, or in any way threaten the party?

"A. No, I did not.

"Q. You did not?

"A. No, sir.

"Q. Was anything told to them about an attorney, the right to an attorney?

"A. I don't remember, I think I did.

"Q. Well do you make it a practice of doing that?

"A. I do."

The Sheriff reduced the statement to writing in his own words and when he had finished he had the defendant and his Parole Advisor sign it. In the case of State v. Morris, 83 Or. 429, 163 P. 567, 571, the Court said:

"The confession was reduced to narrative form at defendants dictation, and was read over and signed by him. It is not inadmissable because it fails to be a verbatim statement of his. It is sufficient that it contains what was said in substance by the defendant."

The defendant by signing the statement adapted its language. Also it was signed by his parole advisor who by so doing vouched for the truthfulness.

The defendant's argument as to the insufficiency of the testimony needs little discussion as it would require a repetition of the first assignment. Defendant's only contention in this regard is that the State did not prove defendant's intention to deprive the owner of his car permanently, which is thoroughly discussed heretofore. Defendant strengthens the State's case when he testified that he got kicked out of school, that he was on Parole, and he wanted to get out of town and planned on catching a train to leave on. That he had discussed the plans with Steve Ward and he wanted to leave town also. They discussed other ways of leaving—hiking, or getting a friend with a car who was planning to leave. This indicated that the boys intended to leave town for quite some time and were not joyriding. Then, when Steve found the car, they left in it. Circumstances are sufficient to prove intent.

For the foregoing reasons and contentions, the Judgment and Sentence of the trial court is hereby affirmed.

BRETT and BUSSEY, JJ., concur.