John William LAMB, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13678.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1965.

Don E. Gasaway, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

John William Lamb filed an application for writ of habeas corpus, and for a forma pauperis transcript of the proceedings had when he was sentenced to the state penitentiary. This court considered the application, and chose to treat it as a "petition for post conviction appeal". Consequently, a memorandum opinion and order was issued

July 28, 1965 (Lamb v. Page, Warden, 404 P.2d 682), directing the district court of Tulsa County to grant the transcript of proceedings at county expense, and to appoint competent counsel to perfect the appeal to this court. The transcript of proceedings was prepared at county expense, and competent counsel was appointed. Said counsel has perfected appeal to this court.

John William Lamb, hereinafter referred to as the defendant, was charged in the district court of Tulsa County with the commission of four felony crimes: burglary, after former conviction of a felony; larceny of an automobile, after former conviction of a felony; unauthorized use of a motor vehicle, after former conviction of a felony; and uttering a forged instrument, after former conviction of a felony.

On April 9, 1964, defendant's first charge came on for trial, after he had entered a plea of not guilty at his arraignment and preliminary hearing. The defendant entered a new plea of guilty to that charge, and also to the subsequent three charges. The plea of guilty was entered in order to receive favorable consideration of the court, in which the sentences for the four charges were to be made to run concurrently. The passing of sentence was continued to the following day, at the defendant's request. The continuance was granted in order that a fifth felony charge could be transmitted from the court of common pleas to the same division of the district court. This was necessary in order that the trial judge might provide for all five sentences to run concurrently. The district judge was agreeable to this recommendation, so the time for sentencing was set for 1:30 p. m., April 10, 1965.

On the following morning, when the defendant was scheduled to appear at preliminary hearing in the court of common pleas, and when the said transfer of the said charge was to be made to the district court, the defendant advised his attorney, Mr. Page, that he had changed his mind. That he was going to demand a jury trial on all five charges. Hence, the fifth charge was never transferred to the district court. At one-thirty in the afternoon on that same day, the defendant was taken before the district judge to be sentenced on the four charges, to which he had entered his plea of guilty the preceding day.

After the judge opened his court, the defendant advised him that he had changed his mind, and had decided to change his plea. The judge then placed all participants under oath, and proceeded to conduct a formal hearing concerning the preceding day's business with the defendant. The judge called upon Mr. Griffin, assistant county attorney, to state his recollection of the proceedings, as follows:

"The Court: Let me swear in some witnesses at this time. Mr. Griffin, as a representative of the State appearing at this time, would you care to put into the record your recollection and statement of what your files reflect and what you remember in regard to the case?

"Mr. Griffin: If the court please, I might advise the court of this, that to start with in this case we started some two weeks ago trying to determine who the counsel was for the defendant. We had had a number of statements by different people that different attorneys represented the defendant on each of these four cases. I finally determined that, on the particular case that I was choosing to go to trial on, that Mr. Goeppinger represented the defendant according to the record, and contacted Mr. Goeppinger and he advised me that he had appeared as attorney of record, and attempted to withdraw, and that that was denied by Judge W. Lee Johnson. He and I then entered into a conference with regard to some possible settlement on these four cases, and as a result of that conference, Mr. Goeppinger and I agreed upon a certain length of time that the state would be willing to recommend to the court.

That recommendation was made known to the court. Then yesterday morning when this case was transferred to this division for trial, Mr. Goeppinger at that time advised that he felt that that recommendation was extremely fair and that he would consult further with his client, which he did. Now, at one time during the proceedings, as I recall, it was communicated to the court and to me that the defendant was agreeable to the term that we discussed, if that could take into consideration a fifth charge which is now pending in the court of common pleas. Then there was further discussion about that, and conferences about that particular situation, and then there were more conferences, I would say probably at least half a dozen conferences with the defendant advising him fully of what his rights were and what the consequences were in these cases. That the defendant was allowed to talk to his mother; that he was allowed to talk to a minister that came here interested in the outcome of the case and in the defendant; that he was advised not only by Mr. Goeppinger but by Mr. Page, who appeared as attorney of record in the case pending in the court of common pleas; that after all of these discussions with the defendant and with counsel and the court, that at the end of all of that time *the defendant then agreed to enter a plea of guilty to these four charges for the term that was going to be recommended, and with the understanding that the other charge would be brought up to run concurrently with these. The court then brought the defendant in, he advised him of his rights. He asked the defendant if he wished to plead guilty and if he was guilty and the defendant stated that he was, that he wished to plead guilty*, that he wished to have immediate sentencing. He was advised that the fifth charge cannot be taken into consideration if immediate sen-

tencing was imposed, and so sentencing was passed until today. The defendant was told at that time by Your Honor that 'You cannot change your mind again if you now enter a plea of guilty,' and asked the defendant if he understood that, and the defendant stated that 'yes', he did understand that. And then, as I say, the plea of guilty was entered, sentencing was passed until today for formal sentencing." [Emphasis added.]

Following the statement by the assistant county attorney, the defendant attempted to deny that he had entered his plea of guilty to the four charges, and attempted to lead the court to believe that he was ignorant of the proceedings, and that after thinking the situation over, he decided that was not the thing to do.

The judge made the following statement:

"The Court: My recollection of the events are as Mr. Griffin related. I will ask Judge Goeppinger if he disagrees with the recollection or the statement of Mr. Griffin in any respect.

"Mr. Goeppinger: Only in this particular, Judge, and I don't disagree with Mr. Griffin's statement at all. But I will say this to the court, that this boy— I represented him in two cases, the first two cases that appear on the docket. I represented him in common pleas preliminary hearings on these matters. The other two particular charges I did not represent him in the court of common pleas. They were handled by a public defender. I did appear in arraignment for him at the behest of his mother. Since that time, he was able to make bond, since the date of the arraignment he was able to make bond, and was out on bond, and he was picked up on another felony charge. During that time, he didn't call me, he didn't see me, that he was at liberty, he didn't see me or talk to me or anything, and I did attempt some two weeks

ago to withdraw from these particular cases because I don't like to spend my time on charity cases when a man can at least rake up enough money to make bond. However, Judge Johnson said that it was too late, that I was going to have to represent him. I did—I came up here yesterday. I communicated the offer as to what the county attorney's recommendations would be in this particular matter. He said he wouldn't take it. We then continued; Mr. Page who represented him on his latest felony charge downstairs came in and talked to him; and a minister, Mr. Reverend McElroy, I believe his name was, came in and talked to him. I didn't urge him to take it in any of those conferences. I said that 'this is the deal, it's your life, you got to make up your own mind', I said, 'I am ready to go to trial.' "

After the defendant interrupted Mr. Goeppinger, stating that what he was saying was correct, and corroborating the fact that Mr. Goeppinger only communicated the information to him, Mr. Goeppinger continued:

"I communicated what the offer was to him. If the court will recall, he called for a jury, the jury filed into the room, I was informed by a deputy sheriff at that time that he would accept the offer of the county attorney with the proviso that all five of them could be wrapped up in one little ball of twine. If the court will remember, I was ready to try that case. Albeit I haven't been paid, I was ordered to stay in this particular case, and I was ready to try it. I used no coercion and if he says that he was confused, he didn't appear any more confused yesterday than he does today. The court specifically told him that he was pleading guilty, and that there would be no backing out, and it was with that understanding that we passed this case until this afternoon at the hour of 1.30. That's all I have to say about it, sir."

The judge then directed a question to the court clerk with the following statement:

"The Court: The Court will direct a question to the clerk: *Did you take the minutes wherein the defendant entered his plea of guilty yesterday, and do the minutes of yesterday so reflect?*

"Court Clerk: Yes, Sir." [Emphasis supplied.]

In his petition in error, the defendant contends that his constitutional rights have been violated, as provided in the "Bill of Rights to the State Constitution;" and specifically that he was denied a trial by jury.

■ With this contention we can not agree. This court, as well as others in numerous other states, has held that the defendant in any criminal case may enter a plea of guilty. When such plea is entered, there is no fact remaining for a jury to determine; and hence there remains only the imposition of judgment and sentence. As stated in Crickenberger v. State, 91 Okl. Cr. 38–43, 215 P.2d 582–585:

"While the Constitution of this state, Art. II § 20, gives to every person accused of crime the right to trial by jury, it also contains a provision that this right may be waived, Art. VII § 20."

■ This court further held in an earlier case, Kennedy v. State, 66 Okl.Cr. 318–321, 92 P.2d 384–385:

"Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law."

It was also stated in Ex parte Wade, 82 Okl.Cr. 215, 167 P.2d 920:

"In a criminal action, the defendant has the right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law the same as a verdict of guilty of a crime sufficiently charged in the information."

It is apparent from the record before the court that this defendant made his election to plead guilty, but not until after he had considered the matter sufficiently. There appears no evidence of coercion on the part of his attorneys, the State, or the court. It is sufficiently shown that the court gave the defendant the benefit of any doubt, when consideration was allowed on all four charges, and the willingness to include the pending charge. This court laid down the general rule in the Crickenberger case, supra:

"The general rule followed by this court is that the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court, and that its action must be upheld unless an abuse of such discretion clearly appears."

In the record before us, there is no evidence that the trial court abused that discretion. This court said further, in the same opinion:

"A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawing it on the day set for pronouncing judgment."

See also Wilson v. State, 82 Okl.Cr. 272, 168 P.2d 898; Shiever v. State, 55 Okl.Cr. 342, 20 P.2d 192; McAtee v. State, 39 Okl. Cr. 10, 262 P. 703; as well as Hart v. State, 29 Okl.Cr. 414, 233 P. 1095.

We further find that this defendant was granted due process in this case. He is not in a position to contend that he was denied a speedy trial, because he was allowed bail, after which he committed the subsequent offense. As stated in State ex rel. Rothrock v. Haynes, 83 Okl.Cr. 387, 177 P.2d 515:

"Where defendant is on bail, the presumption is that a delay in the trial is caused by or with the consent of defendant."

This court further stated in the Matter of Lutker, Okl.Cr., 274 P.2d 786:

"Due process has a dual significance, as it pertains to procedure and substantive law. As to procedure it means 'notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a competent and impartial tribunal having jurisdiction of the cause. * * * In substantive law, due process may be characterized as a standard of reasonableness, and as such it is a limitation upon the exercise of the police power."

We are, therefore, of the opinion that this defendant was accorded due process of law in his trial; and that his constitutional rights have not been violated; and that the judgment and sentence of the trial court must be, and the same is affirmed.

BUSSEY, P. J., and NIX, J., concur.