Aaron Samuel **JOHNSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14763.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Curtis Harris, Dist. Atty., Jack A. Swidensky, Asst. Dist. Atty., for defendant in error.

NIX, Judge:

Plaintiff in error, Aaron Samuel Johnson, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Larceny of an Automobile. He was tried by a jury, found guilty, and the punishment left to the trial judge, who sentenced defendant to serve a term of Five Years in the pen-

itentiary. Counsel who represented defendant at trial withdrew, and the Public Defender was appointed to perfect his appeal to this Court.

We do not feel it is necessary to recite all of the evidence presented, but briefly, defendant's fingerprints were found on the door of a stolen car, and this was introduced into evidence by competent testimony. The defendant did not testify, nor was any evidence presented in his behalf.

■ Defendant first alleges that the evidence is insufficient to uphold the verdict. This Court has repeatedly held, as in Williams v. State, Okl.Cr.App., 373 P.2d 91:

> "Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

The other allegations of defendant are without merit under previous cases of this Court. See, Phillips v. State, Okl.Cr.App., 321 P.2d 724; Richardson v. State, 76 Okl. Cr. 101, 134 P.2d 375; Clark v. State, 78 Okl.Cr. 423, 149 P.2d 994; and, most particularly, in Webber v. State, Okl.Cr.App., 376 P.2d 348, wherein this Court stated:

> "Whether or not defendant intended to deprive the owner of his car permanently must be determined by the circumstances in each and every case. No one could truthfully say what defendant's intentions were except by the facts. It would be absurd to expect the defendant to readily admit his intention to deprive the owner of his car permanently."

Defendant herein said nothing. He did not testify or state that he was "joyriding". His plea of not guilty denied even stealing or taking the automobile. He claimed and asserted his right "to stand mute" and only entered his plea of not guilty. There was no other evidence before the jury, and it is the opinion of this Court that the instructions of the trial judge, when taken as a whole, under the evidence presented, were sufficient.

■ This Court is of the further opinion that the sentence was not excessive.

The judgment and sentence of the trial court is affirmed.

BRETT, P. J., and BUSSEY, J., concur.