**Sidney Harry WILSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14786.**

Court of Criminal Appeals of Oklahoma.

March 11, 1970.

Bill Hall, Osage County Legal Aid Society, Inc., Pawhuska, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Reid Robison, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in Error, Sidney Harry Wilson, hereinafter referred to as the defendant, was charged in the District Court of Osage County with the crime of Grand Larceny, After Former Conviction of a Felony. Defendant entered a plea of guilty to this charge, and was sentenced to two years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record filed herein, it appears that defendant was charged on May 22, 1967; arraigned, and allowed to remain free on his $3,000.00 bond. He was represented at that time by George Briggs for arraignment only. Then, on September 7, 1967, defendant appeared and stated he has no funds to hire an attorney and the district court appointed Kelly Young to represent defendant. At this time, he is remanded to the custody of the Sheriff. The case came on for trial on November 6, 1967; both sides announced ready; and a jury was empaneled. The next day, November 7, defendant attempted to discharge his appointed attorney, stating that his mother had retained another attorney in Tulsa, and asked for a continuance. The trial court recessed to allow defendant to call the attorney and discover if he could be there the next day so that the trial could continue, since the jury had already been empaneled. Defendant did so, and was advised that the attorney did not accept a fee from his mother, and was not representing him. Defendant at that point, stated that he desired to enter a plea of guilty.

Defendant was allowed to do so, but was thoroughly advised of his rights by the trial judge, and that he could continue to trial with the attorney who had been representing him for two months and who was thoroughly prepared for his defense. He chose to enter a plea of guilty, and now complains on appeal that the trial court erred in not granting his continuance, and in not allowing him to obtain counsel of his own choosing.

This Court cannot agree. Defendant had been aware for some *five months* of the charges pending against him. He had been free on bond for three of those five months. He had requested the trial court to appoint counsel, which was granted some two months before trial. Defendant had ample opportunity to secure other counsel, or to advise the trial court

of his intentions prior to the day of trial. To wait until the jury had been empaneled was nothing less than "trifling with the court", which practice has been condemned by this Court many times. See, Antuna v. State, Okl.Cr., 388 P.2d 345:

> "Defendant should not be permitted to trifle with the court by changing plea to criminal charge capriciously."

As to defendant's other contentions of error, it is apparent to this Court from the record, that the plea of guilty was not made unadvisedly, through ignorance, nor any undue influence. He was represented by counsel, who advised him; and the trial judge made every effort to inform defendant of all of his rights.

It is, therefore, the opinion of this Court that the judgment and sentence be affirmed.

BRETT, P. J., and BUSSEY, J., concur.