John W. LAMB, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15590.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1971.

Jay D. Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, John W. Lamb, here-inafter referred to as defendant, was tried by a jury in the District Court of Tulsa County, Oklahoma, for the crime of Leaving the Scene of a Personal Injury Accident, After Former Conviction of a Felony. He was found guilty in a two-stage proceeding and the jury assessed his punishment at the maximum of ten (10) years imprisonment. At his trial, defendant was represented by Mr. Joe Turley, an attorney in Tulsa. This appeal was lodged by the Public Defender. Judgment and Sentence is modified and affirmed.[1]

Defendant was driving a stolen automobile and encountered an accident at the in-

1. See Companion Cases: Lamb v. State, 488 P.2d 1291 (1971); Lamb v. Page, 488 P.2d 1290 (1971).

tersection of West Easton Street and North 33rd West Avenue, in Tulsa, Oklahoma. The other vehicle was being driven by Mrs. Bessie Harp, who sustained personal injury. Riding with defendant was his younger brother, Danny Ray Lamb. Mrs. Harp testified that the two men got out of the car and ran away from the scene of the accident, and did not attempt to render aid, or identify themselves. Danny was arrested shortly after the accident and defendant was later arrested.

In his initial brief, defendant asserts two propositions. The first complains of the trial court's instruction in the second stage of the proceeding on "Time Credits" allowed an inmate in the penitentiary. His second proposition asserts error when the court refused to permit defendant's attorney to withdraw as counsel during the closing arguments.

The State properly answers defendant's second proposition with the citation of Wilson v. State, Okl.Cr., 467 P.2d 532 (1970), as its authority. It would have been folly for the court to have permitted defense counsel to withdraw at such late stage of the trial. Likewise, we do not consider the trial judge's off-hand remark to constitute reversible error, when he commented on defense counsel's inability to control his client.

Defendant's first proposition is well taken. This Court held in Williams v. State, Okl.Cr., 461 P.2d 997 (1969), that giving the instruction provided in Title 57 O.S.Supp.1968, Section 138, constituted sufficient error to warrant modification of the sentence imposed.

Defendant filed a supplemental brief asserting that the requirements of 47 O.S.1961, Section 10–102, and 47 O.S.1961, Section 10–104, violate defendant's constitutional privilege against self-incrimination. We do not agree.

47 O.S.1961, Section 10–102, provides the following:

"Accidents involving death or personal injury

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 10–104. Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person wilfully, maliciously, or feloniously failing to stop, or to comply with said requirements under such circumstances, shall be guilty of a felony and upon conviction thereof be punished by imprisonment for not less than ten days nor more than one year, or by a fine of not less than Fifty Dollars ($50.00) nor more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

(c) The Commissioner of Public Safety shall revoke the license or permit to drive and any nonresident operating privilege of the person so convicted."

47 O.S.1961, Section 10–104, provides:

"Duty to give information and render aid The Driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his correct name, address and registration number of the vehicle he is driving, and shall upon request and if available exhibit his operation's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

The State of California has a similar statute, which requires that a driver involved in an automobile accident to stop and perform essentially the same requirements, as provided in the Oklahoma Statutes, i. e., California Vehicle Code, Section 20002, which states in part, the following:

"The driver of any vehicle involved in an accident resulting in damage to any property including vehicles shall immediately stop the vehicle at the scene of the accident and shall then and there * * [l]ocate and notify the owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved * * *."

In a recent decision rendered by the United States Supreme Court in California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9, 1971, that Honorable Court held that such requirement did not violate Byer's privilege against self-incrimination. The first paragraph of the syllabus thereto states:

"A state 'hit and run' statute, which requires the driver of a motor vehicle involved in an accident resulting in damage to any property to stop at the scene and give his name and address, does not violate the constitutional privilege against compulsory self-incrimination."

In the body of the opinion rendered by The Honorable Chief Justice Burger, the following is said:

"Although the California Vehicle Code defines some criminal offenses, the statute is essentially regulatory, not criminal. The California Supreme Court noted that § 20002(a) (1) was not intended to facilitate criminal convictions but to promote the satisfaction of civil liabilities arising from automobile accidents." 402 U.S. at page 430, 91 S.Ct. at page 1539, 29 L.Ed.2d at page 18.

The decision states further, that the statute is applicable to all persons who drive automobiles, and is directed at the public at large, it is not unconstitutional. The same may be said concerning the Oklahoma Statutes herein concerned.

With reference to possible criminal situations as in the instant case, where defendant was driving a stolen automobile, and had he stopped and complied with the statutory requirements, he would have incriminated himself, the Honorable Supreme Court said:

"It is of course possible that compliance with this requirement might ultimately lead to prosecution for some contemporaneous criminal violation of the motor vehicle code if one occurred, or an unrelated offense, always provided such offense could be established by independent evidence. In that sense it might furnish the authorities with what might be called 'a link in the chain of evidence needed to prosecute * * *.' Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124 (1951)."

In the instant case defendant's criminal offense was proved by independent evidence. The Court went on to clearly state that the requirements of the statute are not unconstitutional, and said:

"Stopping in compliance with § 20002(a) (1) therefore does not provide the State with 'evidence of a testimonial or communicative nature' within the meaning of the Constitution." 402 U.S. at page 432, 91 S.Ct. at page 1540, 29 L.Ed.2d at page 20.

We therefore hold that the provisions of 47 O.S.1961, Sections 10–102, and 10–104, do not violate defendant's privilege against self-incrimination under either the United States Constitution, or Article II, Sections 7 and 21, of the Oklahoma State Constitution.

We are therefore of the opinion that the Judgment of the District Court of Tulsa County, in case No. 23,448, should be Affirmed; however, insofar as the trial court rendered the erroneous instruction concerning "Time Credits" in the second stage of the proceedings, the sentence imposed on defendant of ten (10) years imprisonment, should be, and the same is therefore, modified to five (5) years imprisonment; and

as modified, the Judgment and Sentence is affirmed.

The Warden of the State Penitentiary is hereby directed to require defendant's prison records in this case to reflect such modification.