John William LAMB, Petitioner,

v.

Ray H. PAGE, Respondent.

No. A–15921.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1971.

Fred Gilbert, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BRETT, Judge.

This is a consideration of the Petition for Writ of Habeas Corpus and/or Appeal Out of Time, filed under the previous Rules of this Court. In this instance, John William Lamb, has, through an attorney, requested advancement and consideration of this Petition prior to another pending; and is attempting to have reviewed four previous convictions sustained in the District Court of Tulsa County, Oklahoma, to-wit: No. 20342, Second Degree Burglary, AFCF; No. 20517, Uttering a Forged Instrument, AFCF; No. 20534, Unauthorized Use of a Vehicle, AFCF; and No. 20535, Larceny of an Automobile AFCF. The Attorney General filed a Response to the Petition.

In each conviction petitioner was sentenced to serve seven (7) years confinement in the State Penitentiary, with the provision that the four Judgments and Sentences were to run concurrently each with the other. The four convictions were sustained on pleas of guilty entered April 9, 1964. These convictions were first considered on Petition for Writ of Habeas Corpus filed "pro se," which is reported in Lamb v. Page, Okl.Cr., 399 P.2d 302 (1965). The Writ was denied.

Subsequent to consideration of the habeas corpus matter, petitioner filed "pro se" another Petition which this Court considered to be a Petition for an Appeal Out of Time, and ordered the preparation of the transcript of his trial. Petitioner's convictions are treated in more detail in response to that Petition, which is reported in Lamb v. State, Okl.Cr., 406 P.2d 1010 (1965). In the latter case, petitioner's matter was considered on the record transmitted from the District Court, as an Appeal Out of Time, and the Judgments and Sentences were affirmed.

In the Petition now before this Court, petitioner through an attorney, is seeking another review of those convictions. To the Petition is attached a forty-two page Memorandum asserting the wrongs done to petitioner, and a Motion for Oral Argument, for which counsel is to be commended. However, after carefully considering the matter, we decline to grant the oral argument, and the relief prayed for. The authorities cited in 406 P.2d 1010, are sufficient to support the decision herein. See: Ex parte Wade, 82 Okl.Cr. 215, 167 P.2d 920; Crickenberger v. State,

91 Okl.Cr. 38, 215 P.2d 582; and others cited.

We are therefore of the opinion that the Petition herein should be, and the same is therefore, denied. See also: Lamb v. State, Okl.Cr., 488 P.2d 1291 (1971); and Lamb v. State, Okl.Cr., 488 P.2d 1295 (1971).

NIX, J., concurs.