John William LAMB, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15178.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1971.

Jay D. Dalton, Tulsa County Public Defender, Fred Gilbert, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, John William Lamb, hereinafter referred to as defendant, was convicted by a jury in the District Court of Tulsa County, Oklahoma, in that court's case No. 23466, for the crime of Larceny of an Automobile, AFCF. On September 23, 1968, Judgment and Sentence was imposed sentencing defendant to serve not less than sixteen (16) years, and not more than fifty (50) years in the State Penitentiary. Defendant was represented in the trial court by Mr. Joe Turley, an attorney in Tulsa, Oklahoma. Judgment and Sentence is modified and affirmed.

Defendant was charged with having taken the automobile of Mr. Elmo Brooks of Tulsa, with the intent to deprive the owner of his property. Mr. Brooks testified that he parked his car at the curb near the place he works and took his keys when he left; and shortly thereafter he observed the car was gone. The facts revealed that defendant had an accident in the vehicle and was observed running from the vehicle after the accident. Defendant's brother, Danny Ray Lamb, testified against his brother at the trial. He related that he was with his brother when the accident occurred; and defendant told him, after the collision, to take out running. He testified defendant said to him, "The car is stolen"; or, "I stole the car."

Defendant was tried in a two-stage proceeding in which the jury returned a verdict finding him guilty of the charge of Larceny of an Automobile; and thereafter in the second stage, the jury considered defendant's former convictions and returned a verdict sentencing him to serve not less than sixteen (16) years, and not more than fifty (50) years in the State Penitentiary. From that conviction this appeal has been lodged by Mr. Jay D. Dalton, the Tulsa County Public Defender.

In his brief defendant raises two propositions. The first complains concerning the former convictions used to enhance punishment with specific reference to the use of a former conviction in the District Court of Okmulgee County, Oklahoma. In that case the defendant was convicted on a plea of guilty; and it was asserted the plea was entered without his having the aid or assistance of counsel.

His second proposition complains of the trial court's instruction number 4, which instructed the jury on the "Time Credits" allowed an inmate in the State Penitentiary.

With reference to defendant's first proposition, the State listed four different former convictions sustained by defendant to prove the After Former Conviction allegation. Among those convictions was case No. 4737, in the District Court of Okmulgee County, for Second Degree Burglary. Subsequent to the instant conviction, this Court vacated the Judgment and Sentence in case No. 4737 in the District Court of Okmulgee County, for the reason defendant was not represented by counsel. See: Lamb v. Page, Okl.Cr., 482 P.2d 615 (1971). We therefore consider defendant's first proposition to contain merit only so far as the invalidity of Okmulgee County conviction is concerned; and as hereinafter discussed.

In a Memorandum Brief filed gratis by Mr. Fred Gilbert, Attorney at Law, in Tulsa, Oklahoma, he asserts that both stages of defendant's trial were unduly affected by the Okmulgee County conviction. We do not accept that contention. The first stage of defendant's trial concerned only the factual situation, as it pertained to the charge of Larceny of an Automobile. Likewise, we fail to see how the one void Okmulgee County conviction can so contaminate the second stage of the trial, concerning punishment, as to invalidate the entire conviction. Insofar as defendant had three other convictions shown on the second page of the Information, we do not accept this contention as being entirely valid, except as it may be related to his second proposition, and its possible prejudicial effect, as to punishment.

Defendant's second proposition contains merit. The trial court's instruction number four was a recitation of the provisions of Title 57, O.S.Supp.1968, Section 138, pertaining to "Time Credits" allowed an inmate in the State Penitentiary. In Williams v. State, Okl.Cr., 461 P.2d 997 (1969), this Court held such instruction to constitute error sufficient to warrant modification of the sentence imposed, but that in a two stage proceeding it does not contaminate the first stage pertaining to the offense charged.

The Public Defender filed a Supplement to his brief in which he asserts further that the State failed to prove the element of intent to deprive the owner permanently of his automobile, as required in the crime of Larceny.

■ The record clearly reflects that the automobile belonging to Mr. Elmo Brooks was taken from where it was parked. The evidence also shows that the keys were not left in the ignition switch; so it must be concluded that the defendant devised some mechanical means of activating the ignition; and when he did, he drove the vehicle away and subsequently had an accident. Consequently there were sufficient facts before the jury, absent some explanation, to conclude that the taking of the vehicle was intended to be permanent. With reference to such intent, this Court said in Johnson v. State, Okl.Cr., 451 P.2d 391 (1969):

"Whether or not defendant intended to deprive the owner of his car permanently must be determined by the circumstances in each and every case. No one could truthfully say what defendant's intentions were except by the facts. It would be absurd to expect the defendant to readily admit his intention to deprive the owner of his car permanently."

See also: Webber v. State, Okl.Cr., 376 P.2d 348 (1962). As in Johnson, supra, this defendant did not testify nor offer any other explanation, so consequently the jury properly found that the defendant must have intended to deprive the owner of his car permanently.

In the Memorandum Brief filed gratis on behalf of defendant, his counsel asserts that because of the void Okmulgee County Judgment and Sentence defendant could not be convicted of any crime, after former conviction, wherein that conviction is listed among others. In support of this contention he cites Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); and Oswald v. Crouse, 420 F.2d 373 (10th Cir. 1969). We do not consider Burgett, supra, to be applicable herein, since Burgett's trial was conducted in a one stage proceeding. In Oswald, supra, the Honorable Court of Appeals, Tenth Circuit, remanded the decision to the U. S. District Court for further determination concerning whether or not the trial court relied on the questionable conviction, for enhancement of punishment in which case Oswald entered a plea of guilty without having the benefit of counsel. The Court recited that the journal entry suggests that the three defendants appeared with counsel, but that it did not affirmatively show that Oswald was represented by counsel. The Court of Appeals then stated:

"Am ambiguous and inconclusive record is tantamount to a silent one, from which we may presume neither the presence of counsel nor the waiver thereof. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)." 420 F.2d, at page 374.

However, in defendant's three valid convictions in the District Court of Tulsa County, he was represented by counsel of his own choice. In cases No. 20517, Uttering a Forged Instrument, AFCF; and 20534, Unauthorized Use of Motor Vehicle, AFCF; defendant was represented by Mr. James P. Goeppinger of Tulsa. In case No. 2053, he was represented by Mr. Elmore A. Page of Tulsa, Oklahoma. Each of the Judgments and Sentences recite " * * *, and John William Lamb being personally present in open court, and being duly represented at all appearances before

the court by his attorney of record. * * " See: Lamb v. State, Okl.Cr., 406 P.2d 1010, 1013 (1965). We therefore find, that in the three convictions in Tulsa County, each case in which a plea of guilty was entered by defendant, that he was represented by counsel; that he received due process of law; and that none of his constitutional rights were violated. See: Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970).

We specifically make reference herein to defendant's Petition filed in this Court numbered A–15,921, for Petition for Writ of Habeas Corpus, and/or Post Conviction Relief, which also pertained to the same three convictions in District Court of Tulsa County, which this Court denied. Insofar as those same convictions were made to run concurrently, any consideration defendant was entitled to receive because of the void Judgment and Sentence was thereby allowed.

Further, with reference to the Memorandum Brief filed gratis on behalf of defendant, the other contentions set forth therein are hereby denied, including the alleged affidavit of defendant's brother, Danny Ray Lamb, which now asserts his testimony was not voluntary.

We are therefore of the opinion that notwithstanding the one void conviction from Okmulgee County, Oklahoma, the remaining three valid convictions in the District Court of Tulsa County, Oklahoma, were sufficient to sustain the After Former Conviction allegation of the second stage Information; and we are of the opinion that the conviction sustained herein for Larceny of an Automobile was sufficiently proved by competent evidence; that defendant received due process of law; and that none of his constitutional rights were violated in his trial.

However, because the trial court gave the erroneous instructions on "Time Credits"; and because of the allegation of former conviction on the void Judgment and Sentence, which was supported by the penitentiary fingerprint card on which appeared defendant's penitentiary photograph and number; the jury was without doubt prejudiced when the punishment was assessed, and therefore assessed excessive punishment. We cannot help but observe what this Court said in Lyons v. State, 6 Okl.Cr. 581, 120 P. 665 (1912), as follows:

"Law is not enacted for the purpose of protecting criminals, but its purpose is to protect the innocent. Hatred and revenge enter largely into punishment among barbarians and savages; but among civilized people punishment is only inflicted for the purpose of protecting society, and not for revenge. In other words, the law never seeks a victim, but only seeks to reform the offender and set an example which will deter others from committing similar offenses, and by both of these means it seeks to protect society."

It is therefore the order of this Court that the Judgment in District Court of Tulsa County, Oklahoma, in case No. 23466, should be affirmed; but because of the excessive sentence imposed, the sentence should be, and the same is therefore, modified from not less than sixteen (16) nor more than fifty (50) years imprisonment, to be sixteen (16) years imprisonment; and the Warden of the State Penitentiary is hereby directed to correct the prison records to reflect that Judgment and Sentence requirements, on this conviction, to be sixteen (16) years; and as modified, the judgment and sentence is affirmed.